WHITE v. STATE. (No. 4035.)

(Court of Criminal Appeals of Texas. April 5, 1916.)

1. CRIMINAL LAW ☞1092(14)—APPEAL—EXCEPTIONS—VERIFICATION—NECESSITY.

Exceptions to the court's charge in a criminal case should be verified in some way by the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2836; Dec. Dig. ☞1092(14).]'

2. CRIMINAL LAW ☞1090(1)—APPEAL—BILLS OF EXCEPTION—NECESSITY.

Where the record contains no bills of exception, no ruling of the trial court is presented for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2805–2807, 2825–2827, 3204; Dec. Dig. ☞1090(1).]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Dink White was convicted of assault with intent to murder, and he appeals. Judgment affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of assault to murder; his punishment being assessed at 15 years' confinement in the penitentiary.

[1, 2] The record is before us without a statement of facts or bills of exception. There were exceptions to the court's charge, but they are in no way verified by the court. They were filed on the 29th of October. These exceptions should have in some way been verified by the court. But in any event the exceptions to the charge and the refusal to give special charges requested cannot be intelligently revised without the statement of facts. The court's charge may have fairly submitted the issues raised by the testimony. We are of opinion there is no reversible error shown. There are no bills of exception in the record; therefore from that viewpoint there is nothing that can be revised.

As presented by the record, the judgment will be affirmed.