NEELY v. DUBLIN FRUIT CO. (No. 735.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1917. Rehearing Denied Dec. 19, 1917.)

1. FRAUDS, STATUTE OF ⬅16—AGREEMENT TO ANSWER FOR DEBT OF ANOTHER.

Where defendant, a broker, who effected a sale of apples, in which he had an interest, pledged his personal responsibility to plaintiff against possible loss if plaintiff would pay the draft and take the apples, which proved partly rotten, defendant's promise was not within the statute of frauds (Rev. St. art. 3965, subd. 2), declaring that no action shall be brought to charge any person upon the promise to answer for the debt of another, unless the same be in writing, and action could be maintained on defendant's promise, though oral.

2. JUSTICES OF THE PEACE ⬅174(26) — APPEAL—PLEADING—NECESSITY.

Defendant cannot rely on a defense not pleaded in the county court, the action having been appealed to that tribunal from justice's court.

3. INDEMNITY ⬅15(3)—CONDITIONS—COMPLIANCE.

Where defendant, a broker, agreed to save plaintiff harmless from loss in accepting a shipment of apples, and defendant's request to have the apples weighed was not considered by either party as a condition precedent to recovery, recovery cannot be defeated because the apples were not weighed, it appearing that they were measured, and there were no scales at the place where the apples were measured on which they could have been weighed.

4. ESTOPPEL ⬅78(4)—EQUITABLE ESTOPPEL—WHAT AMOUNTS TO.

Though the rotten apples were to be weighed as a condition precedent to defendant's liability on his agreement to save plaintiff harmless if plaintiff would accept the shipment, defendant, having agreed as to the amount of the damages, is estopped to rely on noncompliance with the condition.

5. APPEAL AND ERROR ⬅1170(9)—REVIEW—HARMLESS ERROR.

Where the damages awarded plaintiff were those which plaintiff was entitled to recover under the agreement of the parties and their own estimate of damage, the fact that the court submitted an erroneous measure of damages is harmless, and should be disregarded under rule 62a (149 S. W. x).

Appeal from Erath County Court; A. P. Young, Judge.

Action by the Dublin Fruit Company against R. P. Neely and others, begun in justice's court and appealed to county court. There was a judgment there for plaintiff, and defendant Neely appeals. Affirmed.

Pittman & Taylor, of Stephenville, for appellant. Hickman & Bateman, of Stephenville, for appellee.

HARPER, C. J. This suit was originally filed in the justice court, by the appellee, Dublin Fruit Company, a firm composed of M. Hoffman and W. H. Novitt, against the Texas Central Railroad Company, the Roswell Fruit Growers' Exchange, and R. P. Neely, a resident of Tarrant county, Tex., for $188.62, the suit arising out of a shipment of a car of apples from Roswell, N. M., by the Fruit Growers' Exchange through the agency of Neely, who was a broker living at Ft. Worth, and over the defendant railroad company's line. It was sought to hold the Fruit Growers' Exchange liable because of the shipment of apples being alleged to be defective and different in kind, grade, and quality from those ordered; to hold the railroad company liable for delays in transportation whereby the apples, as alleged, were caused to become rotten and unmarketable, and to hold Neely liable on his special promise alleged by appellee and agreement with plaintiffs that, if they would accept said apples and pay the accompanying draft he (Neely) would save them harmless, etc.

This is the second appeal of this case, the former opinion being reported in 182 S. W. 406, to which we refer for a more specific statement of the contentions of the parties. The judgment from which this appeal is taken was rendered upon the verdict of a jury for $113.62.

[1] Appellant's first four assignments of error, in various forms, present the contention that he was not liable because the evidence shows that the promise made by appellant upon which appellee's cause of action is based was a promise to answer for the debt of the Roswell Fruit Growers' Exchange, and, since it was not in writing, the

---

same could not be enforced by virtue of subdivision 2, art. 3965, R. S., which provides that no action shall be brought to charge any person upon a promise to answer for the debt of another, unless the same was in writing. This question was fully considered upon the former appeal, and it was there held that the evidence was sufficient to raise the issue of whether Neely had pledged his personal responsibility to appellees against possible loss if appellees would pay the draft and take the apples, and that, if he did so agree, his promise was not within the statute of frauds. Upon the last trial, this issue of fact was submitted to the jury and resolved in favor of appellees. The evidence is sufficient to sustain the jury's finding and it cannot be disturbed, for which reason the first four assignments are overruled.

[2] The fifth assignment attacks the paragraph of the court's charge which submits the question of measure of damages, because (1) it submits an incorrect measure, and (2) because it omits to incorporate in it that the rotten apples were to be weighed as a condition precedent to liability.

The record discloses that this suit was brought in justice court, and there is no pleading or statement of plaintiff's cause of action except the note on the justice's docket: "Suit for damages for $188.62." The appellant's answer in the county court does not contain the plea that it was a condition precedent to his obligation that the apples be assorted and weighed. For this reason we are of the opinion that the appellant could not avail himself of this defense.

[3] But if by reason of the fact that the rules as to pleadings in the justice court, are construed liberally, he would be allowed to avail himself of this defense, under general denial, we are further of the opinion that there is no evidence that the request of Neely to have the apples weighed at Mingus, was considered by either party as a condition precedent to liability to a recovery by appellee for the apples, or the amount of apples, actually rotten and unsalable, which were received and paid for by appellee. But if there is evidence that would justify a finding by a jury that such was the case, then we are further confronted with the proposition that the evidence is uncontradicted that there was no chance to weigh at Mingus, and the further proposition that a measurement in bushels would reach the same result, and appellant does not controvert or contradict the testimony that there was no scale at Mingus, and that plaintiff could not weigh the apples, nor is there any evidence contradicting the proof that plaintiff assorted the apples and by measurement accurately determined that approximately one-half of the apples were rotten and unsalable, and

therefore appellee is relieved from the condition, if it applies.

[4] But, aside from this, appellee testified that the appellant agreed that appellee draw his draft for $188.62 as the amount of unsalable apples that had theretofore been paid for by appellee. So if we should be in error in holding that appellant could not avail himself of the defense because not pleaded, and in error that the appellee is relieved from the condition, because it could not be complied with, nevertheless appellant has estopped himself from insisting at this time upon this condition, because he has agreed that the amount of unsalable apples had been properly arrived at, by agreeing that plaintiff draw his draft for the amount.

[5] As to the charge that the charge of the court does not submit the true measure of damages, we think the point is well taken, but appellant does not contend here for the true measure, and the uncontradicted evidence is that the jury arrived at the true measure notwithstanding the charge of the court; therefore his assignment is not good.

The uncontradicted evidence in this case shows that the appellee paid $497.24 for the entire shipment of apples; that one-half of them were wormy and rotten; that he drew his draft for $188.62, as instructed by appellant, for the value of the rotten and unsalable apples; that this amount is less than one-half of the original price of all the apples. And the record discloses that the jury gave judgment for $113.62; this amount, added to the $75 recovered from the railway company, makes the amount that appellee agreed was the value of the rotten apples, according to the uncontradicted evidence of appellee and the admission by appellant. So, since the pleadings and evidence authorize only a recovery for the rotten apples, being one-half, and the jury having found that this is the amount that should be recovered, and it appearing that this is the true measure of appellee's damages, because appellant agreed to make the loss good, instead of that charged by the court, it follows that this is a case for rule 62a (149 S. W. x), and that the cause should be affirmed, notwithstanding the errors of the trial court, because under the uncontradicted evidence the proper decree has been entered, in that appellee paid for the good and the bad apples, and the admissions of appellee are sufficient to show that the judgment is for the amount paid for the bad only, which is the true measure of damages in this case.

Affirmed.

WALTHALL, J., not sitting, being absent on committee of judges assisting the Supreme Court.