## H. ANSELMO v. THE STATE.

No. 4826. Decided January 23, 1918.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence, although conflicting, sustained the conviction, there is no reversible error.

**2.—Same—Bills of Exception—Practice on Appeal.**

Where several bills of exception were prepared by the defense and refused by the court on the ground that they embodied matters entirely contrary to the record of the trial, they can not be considered on appeal, as only matters presented for review in the manner required by law can be considered on appeal.

**3.—Same—Evidence—Practice in District Court.**

Where, upon trial of murder, the evidence had been closed and an effort was made the next morning by the defendant to introduce in evidence the knife found in possession of the defendant, and the description of the knife testified to by the wife of the defendant was not controverted, there was no abuse of the court's discretion to refuse to reopen the evidence.

**4.—Same—Evidence—Expert Testimony—Opinion of Witness—Harmless Error.**

Where, upon trial of murder, the undertaker testified that the wound inflicted on the deceased caused his death, or that he bled to death therefrom, first having qualified himself as an expert to give testimony, there was no reversible error. Besides, substantially the same testimony had already been introduced without objection, and if there was error, the same was harmless. Following Holder v. State, recently decided.

**5.—Same—Evidence—Identification of Defendant.**

Where the criticism of the testimony of a State's witness as to the identity of the defendant went to its weight and not to its admissibility, and this fact was not controverted in any event, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

*John White,* for appellant.—On question of bills of exception: Pinckard v. State, 62 Texas Crim. Rep., 602, 138 S. W. Rep., 601.

On question of admitting testimony on cause of death: Pullen v. State, 70 Texas Crim. Rep., 156; Betts v. State, 60 id., 631; Waite v. State, 13 Texas Crim. App., 169; Lovelady v. State, 14 id., 545.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant appeals from a judgment condemning him to twelve years confinement in the penitentiary for the offense of murder.

Appellant and deceased were Mexicans, or of Mexican descent. Deceased was stabbed and killed on the streets of Dallas at night-time. Appellant admitted that he stabbed a man whom the other testimony identifies as deceased named in the indictment, and the evidence shows that the deceased died almost immediately from the wounds. The State's theory as developed by the evidence of its witness Baker and some corroborating circumstances was that the appellant slipped up behind the deceased and stabbed him. Appellant's theory and testimony was that the deceased and others, all of whom were unknown to him, attempted to rob him and that he stabbed in self-defense, or to prevent the robbery. The State's witness Baker claimed to have been present, but knowing none of the parties, simply a pedestrian on the streets. Appellant fled from the scene of the homicide, dropping his hat, which was picked up and identified on the trial as belonging to him. Baker went to the deceased and was joined about the time he fell by a police officer, who called an ambulance in which deceased was taken away from the scene.

We are unable to agree with the appellant that the evidence is insufficient.

Several bills of exception were prepared and refused by the court upon the ground substantially that they embodied matters entirely contrary to the record of the trial. As presented, the complaint was not of refusal to allow proper bills, but it is suggested that the bills as in the record and refused by the court should be considered. It is only through bills of exception and statement of facts verified as required by statute, article 744, Code of Criminal Procedure, and article 844, that this court can know judicially what takes place in the conduct of a trial except in instances where bystanders' bills are presented. It is only matters presented for review in the manner required by law that this court is authorized to consider as ground for reversal of judgment. C. C. P., art. 938.

The appellant's wife described the knife in his possession while testifying as a witness, and on the next morning after the evidence had closed the evening before there was an effort made on the part of appellant to introduce the knife in evidence. The wife's description of

the knife was not controverted, nor was there any conflict with her testimony on the subject, and as disclosed by the bill, with its qualification, there was no abuse of the court's discretion in refusing to reopen the evidence.

The undertaker testified that the wound inflicted upon the deceased caused his death, or that he bled to death therefrom. The witness testified to the facts touching his qualification which, in the opinion of the trial judge, was sufficient, and, generally speaking, the decision of the trial judge as to the qualification of an expert to give testimony is not reviewable. Holder v. State, 81 Texas Crim. Rep., 194, and cases there cited. In explanation of the bill the trial judge directs attention to the fact that the witness gave, without objection, substantially the same testimony as that objected to. The evidence, if improper, would not have been harmful for the reason that the circumstances were conclusive as to the cause of the death of the deceased.

The criticism of the testimony of the witness Baker as to the identity of the appellant goes to its weight and not to its admissibility and is not really upon a controverted issue when considered in connection with the testimony of the appellant, in substance, that he stabbed the deceased to prevent injury to himself.

Finding no reversible error in the record the judgment of the lower court is affirmed.

*Affirmed.*