### SUTTON v. LOVAN. (No. 8731.)

(Court of Civil Appeals of Texas. Galveston. Dec. 15, 1925.)

**I. Husband and wife ⬒267(4)—Mortgage by husband alone on rugs used in home, held valid.**

Community personal property of husband and wife, whether exempt or not, may be disposed of or pledged by husband alone, and hence court erred in holding a mortgage on rugs invalid, although rugs were used by husband and wife in their home.

**2. Pawnbrokers and money lenders ⬒2—Loan Brokers Act held not to apply to ordinary lenders of money.**

Loan Brokers Act, §§ 10, 11 (Vernon's Ann. Pen. Code 1916, arts. 999*lll*, 999m), relates to loan brokers only, and has no application to ordinary lenders of money.

Appeal from Harris County Court; Murray B. Jones, Judge.

Suit by J. W. Sutton against Ernest Lovan on a note and to foreclose a mortgage. Judgment for plaintiff on note, and plaintiff appeals from that part of the judgment refusing to foreclose his mortgage. Reversed and rendered.

Niday & Carothers, of Houston, for appellant.

LANE, J. This suit was brought by appellant J. W. Sutton, against Ernest Lovan, to recover the sum of $300, alleged to be due on a certain note executed and delivered by Lovan to him, and for a foreclosure of a mortgage, executed by Lovan, on two Oriental rugs, to secure the payment of said note. The case was tried by the court without a jury, and judgment was rendered for Sutton for $300, but the court refused to foreclose the mortgage lien on the rugs. From that part of the judgment refusing the foreclosure of the mortgage, J. W. Sutton has appealed.

That part of appellee's answer setting up his defense to the mortgage is, in substance, that he executed the mortgage on the two rugs described in the mortgage, but, as he is a married man, living with his wife, and as the rugs are in daily use in their home, and are exempt property of himself and wife under the laws of Texas, and that as the mortgage was executed by him alone without the joinder of his wife, said mortgage is null and void and of no force and effect.

Responding to the defense urged by appellee, Lovan, against the foreclosure of the mortgage, the court rendered judgment finding and adjudging that the mortgage is void and of no force nor effect. After reciting that the note sued on was given for a loan of $300, made by Sutton to Lovan, the judgment, proceeding, makes the following recitals:

"The chattel mortgage sought to be foreclosed by the plaintiff was given by the defendant to secure said note, and that it covers two rugs which are exempt property under the laws of the state of Texas and are the household effects of the defendant; that he is a married man, living with his wife and family, and was such at the time of the making of said loan and execution and delivery of said note and chattel mortgage, and that said rugs were then and there in daily use in the home of the defendant and his wife, and that the wife did not consent to said chattel mortgage, nor sign nor acknowledge the same in any manner, wherefore the court finds that said chattel mortgage is invalid and is void and of no force nor effect, and plaintiff is not entitled to have the same foreclosed."

[1] Appellant, Sutton, only has filed briefs in this court, and therein concedes that the rugs covered by the mortgage were exempt property of Lovan and wife at the time of the execution of the mortgage, and that the wife did not join in the execution of the mortgage, but he contends that it has long been the settled law of this state that the community personal property of husband and wife, whether exempt or not, may be disposed of by the husband alone, and that such property may be pledged by the husband without the consent of the wife.

The law as contended for by appellant is, we think, too well settled to require citation of authority in its support.

There is neither pleading nor proof justifying the court, upon any theory, in holding the mortgage invalid. If there is a decision by any appellate court in this state holding that the husband cannot, except by the consent of his wife, pledge the exempt personal community property to secure his debt or the debt of the community, we have not been cited to it, nor have we been able to find it.

While appellant has entered into a lengthy discussion in his brief of the tenth and eleventh sections of an act of the 34th Legislature of 1915 (Acts 34th Leg. page 48 [Vernon's Ann. Pen. Code 1916, arts. 999*lll*, 999m]), known as the "Loan Brokers Act" which provides, respectively, tenth, that if any loan broker or person, doing business as such, shall make any loan upon chattel mort-

---

⬒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

gage upon household or kitchen furniture, without complying with the law regulating loan brokers in this state, he shall be fined, etc; eleventh, that every mortgage of a married man upon the household and kitchen furniture, unless the same be made and given with the consent of the wife, such consent to be evidenced by the wife joining in such mortgage and by her signature thereto, is void, etc.

We will not enter into any discussion of such act, as it is not made applicable to the case before us by any pleading, evidence adduced, or by any contention of appellee, so far as shown by the record before us.

[2] The "Loan Brokers Act" shows on its face that its provisions relate to loan brokers only. Its provisions exclude the idea that they were intended to apply to the ordinary lender of money.

The plaintiff did not allege that appellee was a loan broker, nor is there anything in the agreed statement of facts tending to show that he was a loan broker.

Under the admission of appellee, Lovan, in his answer, the facts proven, and the findings of the court, recited in the judgment, appellee was clearly entitled to a foreclosure of his mortgage lien upon the rugs.

For the reasons pointed out, the judgment of the trial court, adjudging appellant's mortgage to be null and void, and refusing to foreclose the same, is reversed, and judgment is here rendered for appellant foreclosing his mortgage.

Reversed and rendered.