## G. L. BRAND V. THE STATE.

No. 10669.   Delivered April 20, 1927.

Rehearing denied March 7, 1928.

1.—Pursuing Occupation of Loan Broker, Without License—Constitutionality of Statute—Held Valid.

Art. 121, P. C., penalizes one who violates the provisions of Subd. 14 of Art. 7047, which fixes the annual occupation tax for pursuing the occupation of loan broker.   We perceive no reason why the legislature might not fix an occupation tax on all money lenders.   See Juhan v. State, 216 S. W. 873.

2.—Same—"Loan Broker"—Defined.

One who pursues the business of lending money upon interest, taking as security for the payment of same an assignment of wages, is a loan broker.   Whether the agreement of the lender with the employer of the borrower that same would be repaid by the employer out of the wages of the borrower is oral, or in writing, would not affect its character.   See Atkinson v. Jackson Bros., 259 S. W. Rep. 280, and other cases cited in original opinion.

ON REHEARING.

3.—Same—Repeal of Statute—Effect Construed.

The special session of the 40th Legislature amended Art. 6162 of the R. C. S. by making a slight change in the definition of a "loan broker." This change had the effect only of changing the definition of a "loan broker" and we think brings into operation in this case Art. 16 of the P. C. rather than Art. 14, which is invoked by appellant.

4.—Same—Continued.

Art. 16, supra, reads as follows:   If an offense be defined by one law, and by a subsequent law the definition of the offense is changed, no such change shall take effect as to the offenses already committed, but one accused of violating the first law shall be tried under that law.

5.—Same—Statute Construed.

Our present statutes regulating and defining loan brokers are now contained in Arts. 6162-63-64, R. C. S., 1925, and Arts 1127 and 1129, P. C. of 1925.   The authority of the legislature to enact such statutes has never been questioned by this court.   Distinguishing Juhan v. State, 86 Tex. Crim. Rep. 63.

6.—Same—Assignment of Wages—By Oral Agreement—Sufficient.

When appellant went with the borrower to the latter's employer, who was informed of the proposed loan and the agreement with reference to the wages of the borrower, and the employer agreed in the presence of both the borrower and lender that funds from the borrower's wages would be retained by the employer and applied to the debt, we think unquestionably it became an equitable assignment, and was within the spirit of the law under consideration.   See authorities cited in opinion on rehearing.

Appeal from the County Court of Grayson County. Tried below before the Hon. R. M. Carter, Judge.

Appeal from a conviction for pursuing the occupation of a loan broker without first having paid the occupation tax, penalty a fine of $225.

The opinion states the case.

*Charles F. Greenwood* and *John W. Pope* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for pursuing the occupation of a loan broker without having first paid the occupation tax; punishment, a fine of $225.00.

Appellant raises the question of the unconstitutionality of the law under which the prosecution was had, and the sufficiency of the facts. Art. 121, P. C., penalizes him who follows any occupation, calling or profession taxed by law, without having first obtained a license therefor, and fixes the punishment at not less than the amount of the tax due nor more than double such amount. Subd. 14 of Art. 7047, Rev. Civ. Stat., fixes the annual occupation tax for pursuing the business of loan broker at $150. Subd. 15, Id., fixes the occupation tax of a money lender at the same amount. Counties are given the right by statute to fix the rate of county tax.

The definition of a loan broker, among others, is one who pursues the business of lending money upon interest, taking as security for the payment of same an assignment of wages. The facts in the instant case show that appellant pursued the business of lending money, taking notes from his customers and, if the borrower was employed for a salary or wages, the accused and the borrower would have an understanding with the employer that he would retain out of such salary or wages an amount sufficient to protect the loan. We think these facts bring appellant within the definition of a loan broker, and that the agreement and understanding referred to was in law an assignment of such salary or wages. Whether the agreement or understanding be oral or written would not seem to affect its character. Atkinson v. Jackson Bros., 259 S. W. 280; Neely v. Dublin Fruit Co., 199 S. W. 827; Thornburg v. Moon, 180 S. W. 959; Hill v. Frost, 59 Texas 25; Thomas v. Hammond, 47 Texas 42. In either event the amount of the wages—equal

to the principal and interest of the loan—by the terms of such agreement was removed from the control of the employee and made subject to the repayment of the loan.

We perceive no reason why the legislature might not fix an occupation tax on all money lenders, nor why they might not set those who lend money under the circumstances and conditions appearing in this record, in the class described and designated in Art. 1127 P. C., as loan brokers. The principle involved seems announced in Juhan v. State, 216 S. W. 873, which was reversed for other reasons. We are unable to agree with appellant's contention that the law is unconstitutional, nor that the facts do not support the judgment.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant suggests that an act of the first called session of the 40th Legislature (Ch. 17, p. 30), having expressly repealed Arts. 1127, 1128 and 1129 of the P. C. calls into operation Art. 14 of the P. C. which reads as follows:

"The repeal of a law where the repealing statute substituted no other penalty will exempt from punishment all persons who may have violated such repealed law, unless it be otherwise declared in the repealing statute."

We are not in accord with appellant's view of the matter. Art. 6162 R. C. S. (1925), is a definition of a loan broker. Carried forward into the R. P. C. of 1925 as Art. 1127 is identically the same definition. Art. 1129 of the P. C. provided for the punishment of a "loan broker" who engages in business without complying with the law relative to such business and affixed a penalty. Appellant was not prosecuted under Art. 1129. Subd. 14 of Art. 7047 R. C. S. fixed an annual occupation tax upon "loan brokers." Appellant was prosecuted for failing to pay said occupation tax. The Special Session of the 40th Legislature amended Art. 6162 of the R. C. S. by making a slight change in the definition of a "loan broker." One who engaged in such business as appellant was following would be a "loan broker" under the amended act the same as under the old, and while Art. 1127 of the P. C. was expressly repealed, the amendment of said Art. 6162 had the effect only of changing the definition of a "loan broker," and we think brings into operation Art. 16 of the P. C. rather than Art. 14 which is invoked by appellant. Art. 16 reads as follows:

"If an offense be defined by one law and by a subsequent law the definition of the offense is changed, no such change shall

take effect as to the offenses already committed; but one accused of violating the first law shall be tried under that law."

The repealing statute substituted a new penalty for that which was included in Art. 1129 of the P. C., but as heretofore stated the present prosecution is not under that article.

In his motion for rehearing appellant renews his attack upon the "loan broker" law assailing it as unconstitutional upon various grounds. The law as enacted at the Regular Session of the 34th Legislature (Ch. 28, p. 48), was much emasculated by the opinion in Juhan v. State, 86 Tex. Crim. Rep. 63, 216 S. W. 873. In the R. C. S. of 1925 there were brought forward and re-enacted as Arts. 6162, 6163 and 6164, and in the revised P. C., of 1925 as Arts. 1127 and 1129 such parts of the law as had not been denounced as unreasonable by the opinion in the case referred to. The original opinion in that case upheld the right of the Legislature to regulate loan brokers but went further than was thought proper in sustaining certain provisions of the law. In recording his dissent to the original opinion Judge Davidson concedes the right of the Legislature to regulate the business. In the opinion on rehearing is found the following:

"We have no doubt that the business of the appellant is one whose regulation is within the police power of the state, and that reasonable restriction thereof may be provided by the Legislature; but under our Constitution such restriction may not be such as to make it impossible to conduct a legitimate business, or to arbitrarily deprive a citizen engaged in such business, of his right to that equal protection under our laws which is guaranteed by our bill of rights, nor take from him his right to the due course and process of law, which is also guaranteed him by our Constitution. Giving particular attention to the language and requirements of Ch. 28, Acts of the Regular Session of the 34th Legislature, which contains the law on this subject, we concede that the requirement of a bond as a prerequisite to engaging in business as a loan broker, is proper, provided the amount and conditions of such bond be not improper."

The opinion then proceeds to discuss the conditions of the bond, and the requirement of a waiver as to service of process, and concludes with this language:

"Believing that those provisions of this law which fix the conditions of the bond, and require a waiver of the loan broker's right to object to defective service, and permit the payment of other judgments out of the bond, deny a citizen equal protection, and seek to deprive him of his property and privileges

without due course of law, we hold said Act in violation of our Constitution."

It is apparent that the law in its entirety was not by the court regarded as unconstitutional and the objectionable features were not brought forward or re-enacted in the revision of 1925. It will be understood that what has been said has reference to the law as found in the 1925 revision, and not to be the amended law passed by the Called Session of the 40th Legislature, the court not being here called upon to construe such later act.

Appellant again urges that under the facts the borrower made no legal and enforceable assignment of his wages and therefore that appellant did not come within the definition of a "loan broker." Further supporting our views expressed in the original opinion upon the subject we refer to Slaughter v. Bank of Texline, 164 S. W. 27; Davis & Goggin v. Bank of El Paso, 156 S. W. 321. We quote from Vol. 2, Ruling Case Law, Sec. 12, pp. 603 and 604:

" * * * if a person is under an actual contract of employment his future earnings amount to a possibility coupled with an interest, and the right to receive them, though liable to be defeated, is vested, and this being the case he may assign them unless the contract of employment stipulates to the contrary, or the right is restricted by statute; * * * Ordinarily it does· not appear to be necessary to obtain the assent of the employer to the assignment of wages under an existing contract, but if the employer consents it gives assurance of validity to the assignment."

From Corpus Juris, Vol. 5, at page 915, we take the following text:

" * * * Where an agreement is made between a debtor and his creditor that the debt of the latter should be paid out of a· fund belonging to the debtor in the hands of a third party, and the agreement is communicated to such third party, and is assented to by him, this will be effective in equity to transfer an interest in such fund to the extent of his debt to the creditor."

Many authorities are cited supporting the text, among them being Wiggins v. McDonald, 18 Cal. 126; Hutchins v. Watts, 35 Vt. 360. When appellant went with the borrower to the latter's employer who was informed of the proposed loan and their agreement with reference to the wages and the employer agreed in the presence of both the borrower and lender that funds from the borrower's wages would be retained by the employer and applied on the debt we think unquestionably it became an equit-

able assignment and was within the spirit of the law under consideration.

Appellant's motion for rehearing is overruled.

*Overruled.*