## W. M. HUBBARD v. THE STATE.

### No. 11453.   Delivered March 28, 1928.

**1.—Violating Loan Brokers Law—Statement of Facts and Bills of Exception—Filed Too Late.**

Where the statement of facts and bills of exception were not filed within the time allowed by law, they will not be considered and are stricken out upon motion of the state. See Art. 760, C. C. P.; Miller v. State, 267 S. W. 487, and other cases cited.

**2.—Same—Information—Which Follows Statute—Held Sufficient.**

Where an information, brought under Arts. 1127 and 1129, P. C., and Arts. 6162 and 6163, R. C. S., 1925, charging a violation of the loan brokers Act, follows the statute, and sets out in haec verba the written assignment of the wages in question, same is sufficient.

**3.—Same—Constitutionality of Law—Held Valid.**

The constitutionality of the law in question was sustained by this court in the case of Juhan v. State, 86 Tex. Crim. Rep. 63, in which case it is said: "We have no doubt that the business of the appellant is one whose regulation is within the police power of the state, and that reasonable restrictions thereof may be provided by the legislature."

**4.—Same—Information—Plural Averments—Sustained by Evidence.**

Where an information charging a violation of the loan brokers law contained averments of several different acts constituting such violation, if the evidence establishes the violation of one of its provisions, same is sufficient to support the conviction.

**5.—Same—Act Redefined—Not in Effect.**

The Act of the Special Session of the Fortieth Legislature, which redefined and changed the punishment for the offense in question became effective on June 6, 1927, two days after the trial and conviction of appellant, and the new Act was not available to him.

Appeal from the County Court at Law No. 2 of Harris County. Tried below before the Hon. Ray Scruggs, Judge.

Appeal from a conviction for a violation of the loan brokers law, penalty a fine of $150.

The opinion states the case.

*Hunt, Teagle & Moseley* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of violating the loan brokers law as defined in Arts. 1127 and 1129 of the Penal Code, and Arts. 6162 and 6163, R. C. S. (1925), punishment a fine of $150.

Appellant's motion for new trial was overruled and court adjourned on June 4, 1927. The statement of facts and all of appellant's bills of exception were not filed until September 6, 1927. As neither were timely filed, they are not entitled to consideration and are stricken upon motion of the state, Art. 760, C. C. P.; Miller v. State, 267 S. W. 487; Parker v. State, 200 S. W. 1083; Mireles v. State, 266 S. W. 418.

Most of the questions raised on this appeal by this action pass out of the case. A brief has been filed suggesting that the law is unconstitutional and that the complaint and information are insufficient to charge any offense. The information follows the language of the statute and is, in our opinion, sufficient, especially in the absence of any exception to same. One of the objections stressed in the brief is that the information fails to charge any employment by the parties named as having made the assignment of their wages and fails also to expressly aver that either had any wages due them. The information sets out in *haec verba* the written assignment of the wages in question and this instrument on its face shows that the assignors had wages and salaries due or to come due for the months of December and January, 1927, from the T. & N. O. R. R. Co. The information expressly avers that appellant took this as security for the payment of a loan and the interest thereon as an assignment of the wages of the assignors. The information in its entirety fully meets the objections made by appellant in his brief.

The constitutionality of the law is questioned. In the case of Juhan v. State, 86 Tex. Crim. Rep. 63, this court said:

"We have no doubt that the business of the appellant is one whose regulation is within the police power of the state, and that reasonable restriction thereof may be provided by the legislature."

This same view was reaffirmed in the recent case of Brand v. State, No. 10669, motion for rehearing overruled March 7, 1928, not yet officially reported.

We reiterate the opinion that the business of a loan broker is one within the power of the legislature to regulate and that it did not exceed its constitutional power in attempting, as was its apparent intention, to prevent by penal laws the weak and helpless from becoming the prey of modern Shylocks.

It is insisted that that part of Art. 6163, R. S. (1925), which provides in substance that each loan broker shall keep a well-bound book in which he shall register all his transactions, etc., which shall be kept open for inspection, is unreasonable and indefinite in that it does not provide who shall have the right of inspection or provide any regulation or restriction for such inspection. While we are not inclined to agree with the contention of appellant, the question is not necessary to a decision of this case, as we find that the information in the instant case contains the averment that the appellant did not then and there give to the borrower a ticket showing the amount of cash actually received and did not then and there give such borrower any ticket showing the amount of money to be paid back by the borrower, etc. We think that a violation of this particular clause of the statute which is a part of said Art. 6163 could arise independent of the said clause under attack and since the verdict can be made to apply to this latter allegation, it is not necessary to specifically pass on the point raised by appellant.

Another suggestion is made in the brief that the penalty could be less under the Acts of the Special Session of the Fortieth Legislature, which redefined the offense in question. This law, under the Acts of the Fortieth Legislature, did not become effective until June 6, 1927, two days after the trial and conviction of appellant, hence Art. 13 of the Penal Code invoked by appellant has no application.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.