### W. C. YOUNG V. THE STATE.

No. 11589.   Delivered May 9, 1928.

**Violating Loan Brokers Statute—Information—Motion to Quash—Practice on Appeal.**

Where appellant filed a motion to quash the information in the trial court, but does not save the question there presented by bill of exception, the matter cannot be reviewed on appeal.   Art. 667 of our C. C. P. of 1925 requires that a bill of exception be presented in order to bring before this court complaints of the rulings on the trial.   We have recently upheld the constitutionality of the law under which this prosecution is brought.   See Brand v. State, 3 S. W. (2d) 439.

Appeal from the County Court at Law No. 2 of Harris County. Tried below before the Hon. Ray Scruggs, Judge.

Appeal from a conviction for a violation of the Loan Brokers Law, penalty a fine of $125.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for violating the loan brokers' statute, punishment a fine of $125.

No bills of exception appear in the record, and no statement of facts accompanies the transcript.   Appellant filed a motion to quash the information, but does not save the questions there presented by bill of exceptions.   Art. 667 of our Code of Criminal Procedure of 1925 requires that a bill of exceptions be preserved in order to bring before this court complaints of the rulings on the trial.   Many authorities are cited in the annotation by Mr. Vernon of said article.   Tores v. State, 74 Tex. Crim. Rep. 37; White v. State, 79 Tex. Crim. Rep. 345; Peace

v. State, 196 S. W. 952; Anselmo v. State, 82 Tex. Crim. Rep.
595; Shaw v. State, 89 Tex. Crim. Rep. 205.   We have recently
upheld the constitutionality of the law under which this prosecu-
tion was brought.   Brand v. State, 3 S. W. (2d) 439.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*