Forgery ⟐⟑44(½)—Conviction for forging check must be reversed, where record failed to show check was offered in evidence.

Record in prosecution for forgery *held* to show that alleged forged check was not in statement of facts and was not introduced in evidence, and hence conviction must be reversed.

Appeal from Criminal District Court, Harris County; Whit Boyd, Judge.

George Spence, alias Fred Harding, was convicted of forgery, and he appeals. Reversed and remanded.

Hall Etter, of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for forgery; punishment, two years in the penitentiary.

Our attention is challenged at the outset by appellant's insistence that the alleged forged check was not offered in evidence. Careful scrutiny of the statement of facts makes evident the soundness of the contention. McBride v. State, 93 Tex. Cr. R. 257, 246 S. W. 394. The state contends in its brief that, notwithstanding said check does not appear in the statement of facts, from same it is made to appear that the check was introduced in evidence. We are unable to agree to the statement. The witness Fox—the party to whom the check was passed—stated on the trial that the check shown him was the check referred to, but neither in connection with

his testimony nor anywhere else is it stated that such check was offered in evidence. In connection with the testimony of witness Francis it appears that he was shown an instrument and asked to state whether it bore his signature and stated that it did not. These two witnesses were the only ones introduced by the state in making out its case on direct testimony. The defendant and his sister were his only witnesses. In the cross-examination of appellant he was asked relative to pleading guilty for passing two other checks, and testified that the handwriting on those two checks was not his. It is stated that he was shown another instrument and further swore that the handwriting on this was not his. In parenthesis at the end of this cross-examination of appellant appears the statement that, in connection with the testimony of the defendant, the state introduced in evidence "these two checks." It is perfectly patent that, the state having just examined the witness in reference to two other checks, the expression in the parenthetical statement just mentioned, "these two checks," must have referred to the ones about which appellant was interrogated as relating to some other transactions than the one here under investigation. As far as we have been able to find, the rule laid down in McBride v. State, supra, has been uniformly adhered to by this court.

For the failure of the record to show that the check was introduced in evidence the judgment will be reversed and the cause remanded.

---

## YOUNG v. STATE. (No. 11589.)

Court of Criminal Appeals of Texas. May 9, 1928.

Criminal law ⟐⟑1090(1)—Absence of bill of exceptions and statement of facts held to prevent review on appeal (Code Cr. Proc. 1925, art. 667).

Failure of appellant to incorporate bill of exceptions and statement of facts in record prevented review of trial court's rulings, under Code Cr. Proc. 1925, art. 667.

Appeal from Harris County Court at Law No. 2; Ray Scruggs, Judge.

W. C. Young was convicted of violating the loan brokers statute, and he appeals. Affirmed.

Fred L. Perkins and Earle Adams, Jr., both of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for violating the loan brokers statute; punishment, a fine of $125.

---

No bills of exception appear in the record, and no statement of facts accompanies the transcript. Appellant filed a motion to quash the information, but does not save the questions there presented by bill of exceptions. Article 667 of our Code of Criminal Procedure of 1925 requires that a bill of exceptions be preserved in order to bring before this court complaints of the rulings on the trial. Many authorities are cited in the annotation by Mr. Vernon of said article. Tores v. State, 74 Tex. Cr. R. 37, 166 S. W. 523; White v. State, 79 Tex. Cr. R. 345, 185 S. W. 22; Peace v. State (Tex. Cr. App.) 196 S. W. 952; Anselmo v. State, 82 Tex. Cr. R. 595, 200 S. W. 523; Shaw v. State, 89 Tex. Cr. R. 205, 229 S. W. 509. We have recently upheld the constitutionality of the law under which this prosecution was brought. Brand v. State (Tex. Cr. App.) 3 S.W.(2d) 439.

Finding no error in the record, the judgment will be affirmed.