**HARVILL v. STATE.**

No. 9505.

Court of Civil Appeals of Texas. Austin.
June 6, 1945.

Rehearing Denied June 27, 1945.

Cunningham, Lipscomb & Cole, of Bonham, for appellant.

Grover Sellers, Atty. Gen., and W. V. Geppert and C. K. Richards, Asst. Attys. Gen., for appellee.

BLAIR, Justice.

The State of Texas sued J. B. Harvill and recovered judgment for $150, due as his annual occupation tax as a loan broker; and also sued him and recovered judgment for $50, due as penalty for failure to exhibit, or to have in his immediate possession a license or receipt showing the tax to have been paid in advance for the year in question.

Appellant Harvill did not pay the tax in advance for the year in question, and of course did not exhibit at his place of business, nor have in his immediate possession, a license or receipt showing that he had done so. He makes two contentions here:

1. That the evidence did not show him to be a loan broker within the meaning of the statutes imposing the tax.

2. That the judgment for penalty finds no support in law.

The stipulated facts and the testimony of appellant show that he was a prac-

ticing attorney, but that during the year in question he was also engaged in the business of making loans of money to the various individuals listed, which loans were secured by chattel mortgages upon household and kitchen furniture and equipment. Such business was advertised in a newspaper, as follows:

"Christmas Loans

Quick service on automobile, furniture, and collateral loans,

J. B. HARVILL

306 First National Bank Building.

Tel. 824."

Vernon's Ann.Civ.St. art. 7047 and Sec. 14 thereof provide that there shall be collected in advance "from loan brokers, as that term is defined by the laws of this State, an annual tax of one hundred and fifty dollars."

Sec. 2 of Art. 6165a, V.A.C.S., defines a loan broker as follows: "A loan broker is a person, firm, or corporation who pursues the business of lending money, purchasing salaries and taking for security for the payment of such loan and interest thereon an *assignment of wages* or assignment of wages with Power of Attorney to collect the same or other *order for unpaid chattel mortgage* or *bill of sale* upon household or kitchen furniture." (Italics ours.)

Appellant contends that he did none of the things set forth by the foregoing underscored language of the statute, but that he merely made loans of money to the various mortgagees listed and took as security therefor ordinary form chattel mortgages upon household and kitchen furniture as stipulated. He argues that having never at any time accepted or required any assignment or other order for unpaid chattel mortgages, and never having taken a bill of sale upon household or kitchen furniture, he was not a loan broker within the meaning of that term as used in the statute.

The trial judge, trying the case without a jury, found and concluded upon sufficient evidence that appellant was a loan broker within the meaning of the statutes imposing the occupation tax in question. The facts stipulated and testified to by appellant show that he advertised and conducted a business of lending money upon interest to numerous persons during the year in question. The stipulations show a list of 35 such loans, aggregating several thousand dollars, each of which was secured in whole or in part by a chattel mortgage on household or kitchen furniture, and each such mortgage was recorded in Lamar County, Texas.

██ Art. 6165a, Acts 1927, 1st Called Sess., 40th Leg., c. 17, amended and re-enacted portions of prior statutes defining and regulating the loan broker business. The above quoted portion of the amending act defining a loan broker made no material change in the language of the former statutes defining a loan broker. The decisions construing both the original and the amended acts hold that a loan broker as so defined is one who pursues the business of lending money upon interest, taking as security therefor an assignment of wages, or a chattel mortgage on household and kitchen furniture. Brand v. State, 109 Tex.Cr.R. 96, 3 S.W.2d 439; Hubbard v. State, 109 Tex. Cr.R. 320, 4 S.W.2d 971; Juhan v. State, 86 Tex.Cr.R. 63, 216 S.W. 873; Sutton v. Lovan, Tex.Civ.App., 279 S.W. 295; Mason v. Green, Tex.Civ.App., 226 S.W. 829; Means v. State, Tex.Civ.App., 75 S.W.2d 953. It is clear that the definition of a loan broker is made to depend entirely upon the character of security he takes for the payment of loans of money. Thus in the exercise of the police power of the State the Legislature undertook to define, control and regulate the loan broker business; the act defining and classifying a loan broker to be one who lends money upon interest and takes as security therefor an assignment of wages or a mortgage on household and kitchen furniture. It is this character of lender·and borrower whom the Legislature intended to control, restrict and protect in the interest of the public welfare. That such was the legislative intent is made clear by the other provisions of Art. 6165a, which require a loan broker to give bond, designate an agent upon whom process may be served, make records of all transactions; and, as applied particularly to the instant case, is the provision that a married man may not assign his wages or give a mortgage on the household and kitchen furniture as security for a loan without the consent of the wife, she being required to formally execute and acknowledge the mortgage in the same manner as in the conveyance of the homestead. These provisions clearly were intended to promote the public welfare by protecting the wife and family against the assignment of wages or the mortgaging of the household and kitchen furniture as security for debt, and define and classify one pursuing the business of lending money upon security

of assigned wages or chattel mortgages on household and kitchen furniture as a loan broker. The foregoing authorities so hold. And Sec. 14 of Art. 7047 provides that there shall be collected in advance "from loan brokers, as that term is defined by the laws of this State, an annual tax of one hundred and fifty dollars."

■■ It is not entirely clear upon what basis appellant bases his contentions that the judgment for $50 as penalty has no support in law. He seems to urge that it violates the equal and uniform taxation clauses of the Constitution, because it does not apply to all lenders of money taking chattel mortgages as security. Such contention is without merit, because the Act assesses the same tax and prescribes the same penalty against each loan broker as defined and classified by the taxing Act. The rule is settled that the Legislature has the power, as it has done in the instant case, to classify subjects for occupation taxation. Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896.

■ If the contention is that the rule or regulation of the Comptroller delegates to or authorizes him to exercise legislative or judicial power, it is without merit. The Comptroller neither imposed nor assessed the penalty. He promulgated Rule 1 as an aid to himself in the performance of his duty to collect all occupation taxes, by providing, as does Sec. 42 of Art. 7047, that those against whom an occupation tax is levied shall at all times have a valid receipt or license publicly displayed at their places of business, or if no designated place is maintained, then to have in their immediate possession a receipt or license showing the tax to have been paid. The rule was merely declaratory of the provisions of Sec. 42 of Art. 7047. Sec. 2 of Art. 7047a—20 authorizes the Comptroller to promulgate rules and regulations to aid him in the collection of all occupation taxes; and Sec. 3 of Art. 7047a—20 provides that anyone violating any rule or regulation so promulgated by the Comptroller shall forfeit to the State not less than $25 nor more than $500, each day's violation to constitute a separate offense, to be recovered at the suit of the Attorney General. The Comptroller, as required by Sec. 3 of Art. 7047a—20, certified to the Attorney General the fact that appellant did not pay the tax, and that he had violated Rule 1 with respect to having failed to have displayed at his place of business a license or receipt showing the tax to have been paid; all of which facts were stipulated and undisputed. Upon such certification of facts the Attorney General instituted this suit for the tax and the penalty, and accordingly recovered judgment therefor.

■ The rule is settled in this State that the Legislature may provide for the imposition of civil penalties or fines to be assessed by a court of competent jurisdiction for the violation of any legally promulgated rule or regulation of state officials or departments against any person, firm or corporation subject to and violating such rule or regulation. Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053.

The judgment of the trial court is affirmed.

Affirmed.