

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. C. Winborn
District Attorney
Civil Courts Building
Houston 2, Texas

Dear Sir:

Attn. Mr. Robert R. Casey,
Asst. District Attorney

Opinion No. O-6815

Re:  Whether the corporation of
the type described is, under
the facts submitted, a "loan
broker" as defined in Ar-
ticle 6165a, V. A. C. S.

Your letter of September 11, 1945, requesting an
opinion of this department, submits the following question:

"Does a foreign corporation, with a permit
to do business in the State of Texas, incorporated
for the purposes to lend money, purchase, sell and
deal in notes, bonds and securities, but without
banking and discount privileges, fall within the
classification of "Loan Brokers" as defined in
Article 6165a, if it loans money secured by a
chattel mortgage on household furniture, but
does not take any assignment of wages?"

The above question points out that such corporation
"loans money secured by a chattel mortgage on household
furniture." We assume from the foregoing that the corpora-
tion in question is engaged in or pursues the business of
not only loaning money, but taking as security therefor
chattel mortgages on household furniture. Such inter-
pretation of your question is, of course, a recognition
of the following rule cited in Words and Phrases, Vol. 35,
Perm. Ed., p 561:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Such expressions as 'pursue the practice of any profession or business,' .... and similar terms, contemplate a course of business or professional practice, and not single isolated acts arising from unusual circumstances. Dane v. Brown, C. C. A. Mass. 70 F. 2d 164, 165."

Article 6165a, Vernon's Annotated Civil Statutes, in Section 2 thereof, defines loan brokers as follows:

"A loan broker is a person, firm or corporation who pursues the business of lending money, purchasing salaries and taking for security for the payment of such loan and interest thereon an assignment of wages or assignment of wages with Power of Attorney to collect the same or other order for unpaid chattel mortgage or bill of sale upon household or kitchen furniture."

The foregoing statute was recently construed by the Third Court of Civil Appeals in the case of Harvill vs. State, 188 S. W. (2d) 869, writ of error refused. In that case the court held that the definition of a loan broker is made to depend entirely upon the character of security taken for the payment of loans of money. We quote from the opinion on page 870:

"Art. 6165a, Acts 1927, 1st Called Sess., 40th Leg., c. 17, amended and re-enacted portions of prior statutes defining and regulating the loan broker business. The above quoted portion of the amending act defining a loan broker made no material change in the language of the former statutes defining a loan broker. The decisions construing both the original and the amended acts hold that a loan broker as so defined is one who pursues the business of lending money upon interest, taking as security therefor an assignment of wages, or a chattel mortgage on household and kitchen furniture. Brand v. State, 109 Tex. Cr. R. 96, 3 S. W. (2d) 439; Hubbard v. State, 109 Tex. Cr. R. 320, 4 S. W. (2d) 971; Juhan v. State, 86 Tex. Cr. R. 63, 216 S. W. 873; Sutton v. Lovan, Tex. Civ. App., 279 S. W. 295; Mason v. Green, Tex. Civ. App., 226 S. W. 829; Means v. State, Tex. Civ. App., 75 S. W. (2d) 953. . ."

Hon. A. C. Winborn,  page 3

Under the foregoing authorities, it is the opinion of this department that a foreign corporation, with a permit to do business in this State, incorporated for the purpose of lending money, purchasing, selling and dealing in notes, bonds and securities, but without banking and discount privileges, falls within the classification of "loan brokers" as defined in Article 6165a, V. A. C. S., where it pursues the business of lending money upon interest, taking as security therefor chattel mortgages on household furniture.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

WmK:LJ

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN