

# The Attorney General of Texas

May 9, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jackie L. Vaughan
Executive Director
Texas Amusement Machine Commission
P. O. Box 13226, Capitol Station
Austin, Texas 78711

Opinion No. MW-19

Re: Imposition of penalties respecting the ownership and operation of coin-operated machines.

Dear Mr. Vaughan:

Persons responsible for certain acts or omissions respecting the ownership and use of coin-operated machines subject to taxation are made civilly liable in these words:

> [Violators] shall forfeit to the State as a penalty, the sum of not less than Five Dollars ($5) nor more than Five Hundred Dollars ($500). Each day's violation shall constitute a separate offense and incur another penalty, which, if not paid shall be recovered in a suit by the Attorney General of this State in a court of competent jurisdiction. . . .

V.T.C.S., Tax–Gen., art. 13.11. You ask if it is the responsibility of the Texas Amusement Machine Commission to impose penalties for violations of the statute, and if the commission has the constitutional authority to promulgate rules establishing specific penalties for each act or omission covered by the statute.

A similar statute was construed in <u>Harvill v. State</u>, 188 S.W.2d 869 (Tex. Civ. App. — Austin 1945, writ ref'd). The court said:

> If the contention is that the rule or regulation of the Comptroller delegates to or authorizes him to exercise legislative or judicial power, it is without merit. The Comptroller neither imposed nor assessed the penalty. . . . Sec. 2 of Art. 7047a–20 authorizes the Comptroller to promulgate rules and regulations to aid him in the collection of all occupation taxes; and Sec. 3 of Art. 7047a–20 provides that anyone

violating any rule or regulation so promulgated by the Comptroller shall forfeit to the State not less than $25 nor more than $500, each day's violation to constitute a separate offense, to be recovered at the suit of the Attorney General. The Comptroller, as required by Sec. 3 of Art. 7047a–20, certified to the Attorney General the fact that appellant did not pay the tax, and that he had violated Rule 1. . . . Upon such certification of facts the Attorney General instituted this suit for the tax and the penalty, and accordingly recovered judgment therefor.

The rule is settled in this State that the Legislature may provide for the imposition of civil penalties or fines to be assessed by a court of competent jurisdiction for the violation of any legally promulgated rule or regulation of state officials or departments against any person, firm or corporation subject to and violating such rule or regulation.

188 S.W.2d at 871.

Article 13.11 does not delegate to the commission the authority to impose penalties or to fix their amounts. Cf. V.T.C.S., Tax.–Gen., art. 13.12 (criminal penalties). The civil penalties are imposed by the statute rather than by the commission. The statute specifies that a violator will incur a penalty in an amount ranging from $5 to $500 per day. While the commission may make a recommendation to the court, the assessment of the penalty is left to the judiciary.

### SUMMARY

The Texas Amusement Commission has the duty to ascertain, investigate, and report to the Attorney General all violations for which civil penalties are imposed by article 13.11, Taxation–General, V.T.C.S., but it has no authority to establish specific penalties for specific violations. The assessment of penalties in specific cases is left to the courts.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bill Campbell
Rick Gilpin
William G Reid
Bruce Youngblood