0708

SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMEN-
TAL CONTROL, Appellant v. Mark D. KENNEDY, M.D., Respondent.

(344 S. E. (2d) 859)

Court of Appeals

*Atty. Gen. T. Travis Medlock, Walton J. McLeod, III, Gen. Counsel,* and *Jacquelyn S. Dickman, Asst. Gen. Counsel for the South Carolina Department of Health and Environmental Control,* Columbia, *for appellant.*

*Carl B. Epps, III* and *Laura Callaway Hart* of *Turner, Padget, Graham* and *Laney,* Columbia, *for respondent.*

Heard Jan. 22, 1986.

Decided May 12, 1986.

BELL, Judge:

This appeal concerns the enforceability of a repayment provision in contracts authorized by the South Carolina Medical and Dental Scholarship and Loan Act.[1] The South Carolina Department of Health and Environmental Control (DHEC), empowered by Section 59-111-540 of the Act to enter into these contracts for the State, sued Dr. Mark Kennedy for repayment of three times the amount of the loan Kennedy received under the contracts. The lower court granted Kennedy's motion for summary judgment, finding the repayment provision unenforceable as a penalty and constituting involuntary servitude. DHEC appeals. We reverse and remand.

The facts are largely stipulated. The Act authorizes DHEC to enter into contracts to provide loans to medical and dental students who, as a condition of the loan, agree to practice general medicine in a medical service area of the state. A medical service area is an area determined by DHEC to have a ratio of not more than one medical doctor for each two thousand persons. Section 59-111-530. The recipient of loans must practice general medicine in a medical service area for a period not to exceed three years, at the end of which time the loan is considered paid in full. Section 59-111-530.

If DHEC determines the recipient failed to comply with the service terms due to a "justifiable cause," the loan may be repaid by payment of the amount received plus seven percent interest per annum. Sections 59-111-530 and 59-111-560. The Act also provides in part:

> [i]f the recipient of a scholarship fails without justifiable cause to practice medicine or dentistry in accordance with the terms of his contract, three times the entire amount of the scholarship benefits received, plus seven percent interest per annum thereon, compounded semiannually, shall become due and payable.

The Attorney General, upon recommendation of DHEC, is

---

[1] Section 59-111-510 et seq., Code of Laws of South Carolina, 1976.

empowered to institute proceedings for the recovery of any amount due upon breach of contract. Section 59-111-560.

Kennedy accepted $24,800.00 under this Act over a four year period to finance his medical education. His contracts with the State included the service requirements and repayment provisions of the Act. Upon completion of a residency in internal medicine, for which he received a service deferment from DHEC, Kennedy notified DHEC of his intent to enter a general internal medicine practice in Columbia, due to his interest in diagnostic and academic internal medicine. The South Carolina Board of Health and Environmental Control found Kennedy in violation of his contract without justifiable cause. The Board ordered him to repay three times the amount loaned, plus seven percent interest per annum as provided by section five of the contracts. When Kennedy failed to repay this sum, the Board brought suit.

Both parties moved for summary judgment. The lower court ruled the repayment provision unenforceable as a penalty which constituted involuntary servitude. The lower court specifically declined to address the constitutionality of the statutory repayment provision. The court entered judgment against Kennedy for the amount received or $24,800.00, plus seven percent interest.

DHEC contends the repayment provision is a valid statutory penalty which must be enforced absent findings of "justifiable cause" for noncompliance or constitutional invalidity.

Kennedy relies on the equitable principle that a provision in a contract calling for a sum to be paid upon its breach is unenforceable as a penalty where it is for an arbitrary amount irrespective of the damage sustained, and has no relation to actual damages. *See, e.g., Kirkland Distributing Co. of Columbia, S. C. v. U. S.,* 276 F. (2d) 138 (4th Cir. 1960); *Tate v. Le Master,* 231 S. C. 429, 99 S. E. (2d) 39 (1957).

While equity will not enforce a penalty for breach of contract, equity does not relieve against a statutory forfeiture. *Fort Miami Raceways, Inc. v. Lucas County Agricultural Soc.,* 58 Ohio 274, 133 N. E. (2d) 382 (1955). Where a penalty or forfeiture is imposed by statute on the doing or omission of a certain act, courts of equity will not interfere to mitigate the penalty, for it would be in contravention of

the direct expression of the legislative will. *Clark v. Barnard*, 108 U. S. 436, 2 S. Ct. 878, 27 L. Ed. 780 (1883); *U. S. v. Denver & R. G. W. R. Co.*, 16 F. (2d) 374 (8th Cir. 1926); *Peters v. Southern Bell Tel. & Tel. Co.*, 70 So. (2d) 547 (Fla. 1954). In this case, the statute was termed "Penalty for Failure to Complete Contract." Thus, the Legislature stated its intention to impose a penalty of treble damages for unjustifiable breach of the contract. Equity must yield to the clear expression of legislative intent.

As a general principle, the legislature has the authority to provide civil penalties to enforce observance of a legislative policy. *See Lloyd A. Fry Roofing Co. v. State Department of Health Air Pollution Variance Bd.*, 191 Colo. 463, 553 P. (2d) 800 (1976); *see also, St. Louis-San Francisco Ry. Co. v. State*, 182 Ark. 409, 31 S. W. (2d) 739 (1930). It may provide for civil penalties or fines to be assessed for the violation of any legally promulgated rule or regulation against any person violating such rule or regulation. *Harvill v. State*, 188 S. W. (2d) 869 (Tex. Civ. App. 1945). The Legislature, therefore, had the authority to provide a civil penalty for breach of the contract with the State.

Once he voluntarily entered into contracts pursuant to the Act, Kennedy had a statutory duty to fulfill the service condition of his contracts with the State. The Act provides in part:

> [t]he grant shall be based upon the condition that the applicant ... engage in the general practice of medicine ... in a service area within this State. ... for three years, at the end of which time the loan shall be considered paid in full.

Section 59-111-530, Code of Laws of South Carolina, 1976. The Legislature has set a penalty of treble damages for unjustified breach of that duty. Kennedy's counsel conceded at oral argument the statutory condition of noncompliance for justifiable cause was not at issue. Absent a showing of justifiable cause, the provision in question must be enforced as a valid statutory penalty for unjustifiable noncompliance with the conditions of the Act.

The further argument that the penalty provisions of the statute impose involuntary servitude on Kennedy is patently without merit. Kennedy voluntarily

agreed to the terms of the contracts. He is bound by those terms as a result of his own consent. Moreover, the sanction for breach of his promise is not enforced service as a doctor, but the payment of money damages. Thus, the sanction is neither involuntary, nor does it amount to servitude.

The remaining issues need not be considered in light of our ruling the treble damages provision is a valid statutory penalty.

Reversed and remanded.

SANDERS, C. J., and GARDNER, J., concur.