MONROE ARMSTRONG v. THE STATE.

No. 682.    Decided June 15, 1910.

Rehearing Denied October 12, 1910.

**Burglary—Statement of Facts—Extension of Time.**

Where, upon appeal from a conviction of burglary, it appeared from the record that the term of court continued for more than eight weeks, and the statement of facts and bills of exception had not been filed within thirty days after the final judgment and within the time allowed by law, and that the extension of said time was made by the trial judge after the time within which the filing should have been made had expired, the same could not be considered.

Appeal from the Criminal District Court of Dallas County.    Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wasson & Capers,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for burglary with a penalty of two years confinement in the penitentiary.    The State has filed a motion to strike out the bills of exception and statement of facts on the ground that they were not filed within time. The term of court at which this trial was had began on the first day of October, 1909, and adjourned on the first day of January, 1910. The trial of this case was had on the 4th day of October, 1909.    Sentence was pronounced on December 19, 1909.    The bills of exception were filed on February 15, 1910, and the statement of facts filed February 17, 1910.    We find also in the record an order made on February 10, 1910, by the district judge, extending the time for filing bills of exception and statement of facts.    Chapter 39, Acts of the Thirty-first Legislature, p. 374, provides for the appointment and qualification of stenographers and also prescribes the time and method of making up statement of facts.    Section 7 of said Act provides that when an appeal is taken the parties to the suit shall be entitled to thirty days after the adjournment of the court in which to file bills of exception and statement of facts.    It is provided further in said

section that a judge may have power in term time or in vacation, upon the application of either party, to extend the time for filing such bills of exception and statement of facts, but that this time shall not be so extended as to delay the filing of the transcript in the appellate court within the time prescribed by law. It is further provided in said section: "If the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered unless the court shall by order entered of record in said cause extend the time for filing such statement and bills of exception." The term of the court at Dallas lasted from the first day of October until the first day of January—three months. The bill of exceptions and statement of facts were filed nearly two months after the sentence was pronounced. The order made by the judge extending the time was an unauthorized act and under the provisions of Section 7 with regard to the filing of bills of exceptions and statement of facts within thirty days after the final judgment, we do not think the court had any authority to make the order after the expiration of the term, but conceding that he had this authority, this provision of the statute could only be exercised within the thirty days limit as prescribed by said Section 7, and for the court to make the order after the expiration of said thirty days, is equivalent to no order at all. It was, as before stated, an unauthorized act and can receive no more consideration at the hands of this court than an entry made by any other party. This question has been before our court in the case of Dave Sanders v. State, decided at this term of court. The judge not having the authority to extend the time after the expiration of the thirty days, the State's motion will be sustained and the statement of facts and bills of exception stricken out. In the absence of a statement of facts and bills of exception, there is nothing in the record that can be revised. The indictment is sufficient, the charge of the court seems to be the law of the case and finding no error the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 12, 1910. Reporter.]