## FELIX TUDYK v. THE STATE.

No. 4001.   Decided March 29, 1916.

**1.—Assault to Murder—Representation by Counsel.**

Where defendant made no motion to postpone the case and expressed no desire for time to secure an attorney, and the court appointed an attorney to file a plea for suspension of sentence which was filed, but ignored by the jury, there was no reversible error.

**2.—Same—Newly Discovered Evidence—Motion for New Trial.**

Where, after conviction, of assault to murder, defendant's relatives employed attorneys who filed a motion for a new trial in which they did not contend that any testimony was improperly admitted, or that they could be able to adduce any additional testimony if a new trial was granted, there was no error in overruling the same.

**3.—Same—Aggravated Assault—Charge of Court—Practice.**

Where, upon trial of assault to murder, no exceptions were reserved to the charge of the court before it was read to the jury, objections thereto after the verdict can not be considered on appeal unless fundamental error is presented, and taking the testimony as a whole there is but little, if any, testimony which tends to raise the issue of aggravated assault, and there was therefore no reversible error in not submitting the issue of aggravated assault.

Appeal from the District Court of Wilson. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*King & West* and *J. E. Canfield,* for appellant.—On the question of aggravated assault: Barnes v. State, 107 S. W. Rep., 823; Peacock v.

State, 52 Texas Crim. Rep., 432, 107 S. W. Rep., 346; Thomas v. State, 60 Texas Crim. Rep., 84, 131 S. W. Rep., 314.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder and his punishment assessed at two years confinement in the State penitentiary.

Appellant went to trial without an attorney. He made no motion to postpone the case, nor expressed any desire for time to secure an attorney. The court appointed an attorney to file a plea asking for a suspension of sentence, and this was submitted to the jury by the court, but the jury refused to recommend a suspension of the sentence.

After appellant had been convicted the appellant's relations employed attorneys, and they filed a motion for a new trial. In it they do not contend that any testimony was improperly admitted, or, if a new trial was granted, they could or would be able to adduce any additional testimony in regard to the shooting of John Olenik by appellant. No sworn motion is filed setting forth any additional testimony that could be adduced if a new trial was granted.

The only bill of exceptions in the record is that one of the State's witnesses was seen drinking whisky during the trial of the case. No exceptions were reserved to the charge of the court, but in the motion for a new trial it is contended the court should have submitted the issue of aggravated assault. Appellant testified that he and a woman named Lucy Ciomperlik started rabbit hunting; that they saw John Olenik and Willie Schmidt in the watermelon patch, and Lucy Ciomperlik told him to shoot and frighten the boys, and he shot to frighten them with no intention of shooting Olenik. This would tend to raise the issue of aggravated assault. However, Lucy Ciomperlik swears she did not tell appellant to shoot and frighten the boys; that when they came up with the boys she left appellant and went to talk to John Olenik, and while she was talking to Olenik appellant shot him. That there was nothing said at any time about shooting to frighten the boys. John Olenik swears that when Lucy Ciomperlik began talking to him appellant cursed him and called him a "G—d d—n son-of-a-b—h," saying, "I am going to shoot you," and fired on him, the shot ranging from his head to his knees. The only other witness present, Willie Schmidt, testifies that when Lucy Ciomperlik commenced to talk to Olenik, appellant cursed Olenik and then shot him. All three of them positively refute the idea there was no intent to shoot Olenik; they all swear to a specific intent, and when it is made manifest that the shot scattered from Olenik's head to his knees, it is apparent that Olenik, Schmidt and Miss Ciomperlik are supported by the physical facts when they swear that the gun was aimed directly at Olenik, and appellant "did not shoot over him and the shot fall on Olenik," as appellant testified.

We have carefully reviewed the record, and we can not say the trial

court erred in not granting a new trial. The writer will say that he is of the opinion had he been trying the case he would have submitted the issue of aggravated assault on the testimony of appellant as his testimony slightly raises that issue, although all other eyewitnesses dispute him most emphatically on the testimony tending to raise that issue, but the Legislature has provided that if there is no objection to the charge before it is read to the jury it can not be considered, etc., and under this statute we can not consider grounds assigned after verdict in the motion for a new trial, unless fundamental error is presented, and we can not hold that it is fundamental error to fail to submit an issue that taking the testimony as a whole, there is but little testimony tending to raise such an issue.

The judgment is affirmed.

*Affirmed.*