### Sallie Freeman v. The State.

No. 4152.   Decided June 23, 1916.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Evidence—Bill of Exceptions.**

Where, upon trial of murder, the record showed on appeal that the bill of exceptions, objecting to a certain conversation between witness and defendant,

was totally defective, the same could not be considered; besides the testimony was admissible.

### 3.—Same—Evidence—Confessions.

*Where, upon trial of murder, defendant contended that her statements which were introduced in evidence, were made while she was in legal custody. etc., but the bill of exceptions did not set out the grounds of objection, the same could not be considered on appeal.*

### 4.—Same—Argument of Counsel.

*Where, upon appeal from a conviction of manslaughter, defendant's objections to the argument of State's counsel, were so qualified by the court as to present no error, there was no reversible error.*

### 5.—Same—Objections to Charge of Court.

*Where the objections to the charge of the court were not made until after conviction, the same could not be considered on appeal; besides the court's charge was correct.*

### 6.—Same—Objections of Charge—Waiver.

*Where the record on appeal showed that counsel, both for the State and the defendant, waived examination of the court's charge, there was no reversible error*

Appeal from the District Court of Galveston. Tried below before the Hon. Robert G. Street.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case

*J. Vance Lewis,* for appellant.—On question of insufficiency of the evidence: Purcell v. State, 19 S. W. Rep., 605; Hubbard v. State, 32 Texas Crim. Rep., 389.

On question of defendant's declaration: Hernan v. State, 42 Texas Crim. Rep., 464; Johnson v. State, 43 id., 476; Brown v. State, 55 id., 572.

On question of argument of counsel: Davis v. State, 54 Texas Crim. Rep., 236; Smith v. State, 55 id., 563.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of manslaughter, her punishment being assessed at five years confinement in the penitentiary.

As usual, the facts are in conflict. The court submitted every issue raised by the testimony. The jury was warranted in finding appellant guilty of manslaughter. They could have acquitted. It would serve no useful purpose, in our judgment, to give a detailed statement or even state the testimony.

While the witness Stevenson was on the stand he was asked the following question: "Tell the jury what conversation you had with her (the defendant)." The objections urged are that at the time of the conversation defendant was in custody and had not been warned that

any statement she might make would be used against her. This is defendant's bill. The bill is totally insufficient. It does not state the conversation, or what it was about; it does not undertake to show that it was brought within the statute forbidding confessions or admissions while under arrest. The bill, however, is qualified by the judge and shows that the witness Stevenson testified that "he asked the defendant where the knife was with which the cutting was done and that she told him where it was, and that by virtue of what she told him the knife was recovered. This testimony was admitted under the provisions of article 810, Code of Criminal Procedure, upon the theory that the statement of the whereabouts of the knife with which the cutting was done was subsequently found to be true, having been found at the place where the defendant said she put it. When so qualified I approve the bill." This is the court's statement. Under this qualification this testimony was admissible.

Another bill shows that the same witness was "permitted to offer through Sergeant J. O. Stevenson evidence obtained while she was in custody and under arrest, without first warning her that any statement that she might make would be used against her." Appellant excepted. What the testimony was or what the grounds of objection to what the witness testified are not stated. The same qualification is added to this as to the previous bill.

Another bill recites that the county attorney used the following language: "We have a commandment which I believe is gravest of all, and is 'Thou shalt not kill,' but if you return a verdict of not guilty in this case, as to the defendant, who is a menace to society, you might as well say and tell her, 'Thou shall kill' every white man who happens to traverse in the neighborhood such as where the defendant lived." Objection was urged to the remarks of the county attorney thus made to the jury, because calculated to enrage the jury against defendant. This bill is qualified as follows: "This argument was made in response to the argument of the attorney for the defendant, J. Vance Lewis, to the effect that a white man who would so lower himself as to go down into a place where negro prostitutes resort he deserved to be killed, and that such a white man was a disgrace to his race, and a jury ought to put its stamp of disapproval on such a person by acquitting the defendant, who was a negro woman, and condemning the practice of white men, the deceased being a white man, associating with negro women." The court also adds, "It is my further impression that the court instructed the jury to disregard the remarks of the county attorney to which exception was taken, but no request for such instruction was made in writing, nor was the jury intended to be misled the remarks simply being invited by the remarks of the defendant's attorney." The court adds that, whether he instructed the jury to disregard the remarks of the county attorney objected to he does not remember. As this matter is presented by the bill and the qualification to it, we are of opinion there is no reversible error.

There was an exception taken to the charge of the court on express and implied malice, and upon manslaughter and aggravated assault, because the evidence is insufficient to support said charge. This exception was not made until after the conviction, and was first set up in the motion for new trial as is shown by the qualification to the bill; but had it been timely taken we are of opinion that the court's charge is correct. Appellant was acquitted of murder, and the question of malice passed out of the case. The charges on manslaughter and aggravated assault fully presented all the issues raised by the testimony adduced on the trial.

Another bill recites that the court erred in submitting to the jury the main charge of the court without first having submitted the same to her or her attorney, and giving to her or her attorney an opportunity to prepare and file with the court objections to the same in whole or in part. The court states in his qualification of this bill that to the best of the court's recollection he called counsel to the bar before delivering the charge to the jury and tendered them the charge, explaining the different aspects of the case upon which the court had charged, and counsel both for the State and defendant waived examination of the charge. Appellant had a right to waive this if he so desired. The statute was intended to give counsel an opportunity to object to the charge or make such suggestions to the court as desired if they were not satisfied with the instructions written by the court. He, of course, could waive this. The statute does not compel the filing of exceptions. It requires the court to submit his charge to counsel. Parties may waive this.

No reversible error being found in the record, the judgment is affirmed.

*Affirmed.*