### F. S. Samples v. The State.

No. 4304.   Decided December 6, 1916.

**1.—Concealing Stolen Property—Bills of Exception—Extending Time.**

Where the trial court lasted over eight weeks, and the order of the court extending the time in which the bills of exception could be filed was more than thirty days after final judgment, such order was not authorized and the bills of exception can not be considered on appeal; however, the statement of facts being filed within ninety days authorizing such filing, will be considered.

**2.—Same—Question of Fact—Sufficiency of the Evidence.**

Where, upon trial of receiving stolen property, etc., the defendant by his evidence claimed that the property was not stolen, but was won at a game of cards, and this issue was submitted to the jury who found against the defendant, there was no reversible error.

**3.—Same—Accomplice—Charge of Court—Motion for New Trial.**

Where, upon trial of receiving stolen property, etc., the court's charge was defective, in submitting the issue of accomplice testimony, but no exception was taken thereto at the time, but the question was only generally raised in the motion for new trial, and no exception was taken to the court's refusal to submit a special charge thereon, the question can not be revised on appeal.

**4.—Same—Newly Discovered Evidence—Motion for New Trial—Recognizance.**

Where the defendant had been sentenced and had entered into a recognizance several days before his additional motion for new trial had been filed, and did not place himself in such condition as to reinstate the trial court's authority to act thereon, there was no error in not considering the same as to the newly discovered evidence set out therein, although the same may have presented grounds for new trial and there was no reversible error.

Appeal from the District Court of Wichita. Tried below before the Hon. E. W. Nicholson.

Appeal from a conviction of receiving stolen property, etc.; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. O. Jones,* for appellant.—On question of accomplice testimony: Maples v. State, 56 Texas Crim. Rep., 99.

On question of newly discovered evidence: Brown v. State, 42 Texas Crim. Rep., 176; Owens v. State, 35 id., 345; Hass v. State, 66 S. W. Rep., 76; Phillips v. State, 35 Texas Crim. Rep., 480.

*C. C. McDonald,* Assistant Attorney General, and *Leslie Humphrey,* District Attorney, for the State.—On question of filing bills of exception: Becker v. State, 76 Texas Crim. Rep., 518; Demarco v. State, 178 S. W. Rep., 1024; Armstrong v. State, 60 Texas Crim. Rep., 59; Presley v. State, 60 id., 102.

On question of additional motion for new trial: Crowell v. State, 66 Texas Crim. Rep., 537; Probst v. State, 60 id., 608; Black v. State, 41 id., 185, 53 S. W. Rep., 116.

DAVIDSON, JUDGE.—Appellant was convicted of receiving stolen property, knowing it to have been acquired by means of theft.

The court lasted over eight weeks; sentence was pronounced upon appellant on the 12th day of August; court adjourned on the 4th day of September. Under the law, as announced by the recent decisions, appellant is allowed ninety days from the date of sentence in which to file statement of facts. There was an order of the court entered, extending the time in which to file statement of facts and bills of exception, on the 29th day of September, which was more than thirty days after final judgment. The order of the District Court did not authorize the filing of bills of exception, which occurred in the early part of November. In order to authorize the filing of bills of exception the extension order should have been made before the expiration of thirty days from the date of the sentence. This eliminates the bills of excep-

tion. The statement of facts was filed within the ninety days, authorizing such filing, and shows that appellant received the property, knowing it to have been stolen. This is the State's case. Appellant denies this, and introduced evidence showing that Miller, the accomplice from whom he received the property, left it with him, and finally gave some of the stolen property to him with the statement that he had won it in the oil field in a poker game. In other words, under appellant's theory and evidence Miller did not steal the property but won it in a game and gave it to appellant. These issues were submitted to the jury, and the case went against appellant.

The court's charge is defective in submitting the issue of accomplice testimony. No exception was taken to this, however, at the time, and the first notice was taken by appellant in his motion for a new trial and then in a very general way. He asked a charge, which the court refused, which would have corrected one of the errors in the court's charge on that question. To this he reserved no exception but brought it in his motion for new trial. It seems that under our recent statute and decisions construing it this would be too late. Those matters, therefore, can not be revised.

There is another question which will be noticed. Appellant's motion for new trial was overruled and sentence pronounced, notice of appeal given, and an appeal recognizance entered into. The recognizance was entered into on the 19th day of August, 1916; the sentence was pronounced on August 12, 1916, seven days prior to entering into recognizance, and the motion for new trial was overruled on the 12th of August. So appellant, under these dates and this condition of the record, had been sentenced and recognizance entered into and all these matters disposed of by the 19th of August. On the 23rd of August he filed what he denominates his "extraordinary motion for new trial." This contains an affidavit as to newly discovered evidence of the accomplice Miller, substantially that his testimony on the main trial was false. On the trial of the case he testified he did not tell appellant that he had won the property in a poker game on the oil field, but that he told appellant, at the time he let him have the property, he had stolen it, and appellant received it knowing it to have been stolen. Miller's affidavit attached to this "extraordinary motion for new trial" states his testimony was false, and that he did inform appellant at the time he turned over the property to appellant and finally gave it to him he did win it in a poker game on the oil field, and that his testimony on the original trial was all false, and that he made up that story to convict appellant on agreement with the officers that he, Miller, was to be released, but he did not believe they were going to release him, and, therefore, he concluded that as defendant was innocent he had better tell the truth about it, and made this affidavit in direct opposition to his testimony on the trial. If presented so this court could consider it, this would be a very serious question, and which, in the judgment of the writer, ought to entitle

appellant to a new trial below or a reversal on appeal; but he presents it in such shape from the record that it can not be considered. The court, on motion of the district attorney, struck it out and would not hear or consider it, because appellant had been sentenced, and had entered into a recognizance several days before his "extraordinary motion for new trial" had been filed, and had gone from the court in the custody or in charge of his bondsmen or cognizors. If appellant had desired to obtain jurisdiction of the trial court, it still being in session, he could have surrendered himself to the court, withdrawn his notice of appeal, and asked an opening of his case again on.the showing made, but none of this occurred so far as this record is concerned. Under this view of the case the court had lost jurisdiction. The general proposition may be correctly stated, that the trial court has jurisdiction of its cases during its term, yet where appellant has ousted that jurisdiction, or rather attached the jurisdiction of this court in the manner here indicated, in order to invoke the jurisdiction of the District Court again he must surrender himself, or in other words, he must place himself in such condition as to reinstate the trial court's authority to act. This is in accordance with the decisions of this court.

Finding the record in this condition, we are of opinion while these questions are of a serious nature, yet appellant has not placed himself in position to invoke the revisory power of this court.

The judgment, therefore, will be affirmed.

*Affirmed.*

HARPER, JUDGE, absent.