Orrie Castelberry v. The State.

No. 6084.   Decided February 23, 1921.

1.—Theft—Other Offenses—Intent—Evidence.

Where, the indictment alleged theft of money, there was no error in admitting evidence to show the possession by defendant of property taken at the same time as that for which he was being prosecuted.

2.—Same—Requested Charges—Practice on Appeal.

Where the requested charges were either upon the weight of the evidence or covered in the court's general charge, there was no error in refusing them.

3.—Same—Charge of Court—Objections in Writing—Practice on Appeal.

In the absence of written objections to the charge of the court, before the same was read to the jury, and there being no fundamental error, the same cannot be considered on appeal; besides, the complaint goes only to a portion of the court's charge. Following Manning v. State, 73 Texas Crim. Rep., 72, and other cases.

Appeal from the District Court of Harrison. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

HAWKINS, Judge.—The appellant was convicted in Harrison County for the alleged offense of theft of over fifty dollars in money, and his punishment assessed at confinement in the penitentiary for two years.

The record is before this court with only the statement of facts and the transcript, no brief having been filed, and counsel for appellant cites us to no authorities in support of the propositions presented in the bills of exceptions contained in the transcript. However, we have examined the same and find that his bills of exception Nos. 1 and 2 complain of testimony admitted by the trial judge, over his objection, touching appellant's connection with and possession of a check which the evidence shows was taken at the same time that the money is alleged to have been stolen. Appellant in the indictment is charged only with the theft of money and not also with the theft of the check, but it has been so frequently held by this court that it is permissible for the State to show the possession by the accused of property taken at the same time as that for which he is being prosecuted, that it is unnecessary to quote authorities with reference to it, and we find no merit in appellant's first two bills of exceptions.

Bills of exceptions Nos. 4, 5, 6 and 7 present no error; they were either to requested charges which were upon the weight of the evidence, or had been covered in the court's general charge.

Appellant's bill of exceptions No. 3 is as follows: "Be it remembered, that on the trial of the above entitled and numbered cause, the court, in its written charge delivered to the jury among other instructions, gave the following in paragraph 8, to-wit: 'To show the intent with which the defendant acted with respect to the property for the theft of which he is now on trial,' and the defendant at the time of the said trial excepted to said portion of said charge, upon the ground that it was upon the weight of the evidence, and an assumption of guilt of the defendant if the State proved the theft of other property, and the defendant tenders this as his bill of exceptions and requests the court to approve the same and order filed as a part of the record in this cause."

An inspection of the court's charge develops that counsel is only complaining of a portion of the paragraph in which the language set out in his bill occurs, but when we examine the record in this case as it is presented to us, we find this bill cannot be considered because no objections in writing were filed or exceptions taken to the charge of the court before the same was read to the jury, and it has been held in many cases that if an error was committed not of a fundamental character it could not be taken advantage of by appellant where exceptions were subsequently presented, or the matter called to the court's attention for the first time on motion for new trial.   Manning v. State, 73 Texas Crim. Rep., 72, 164 S. W. Rep., 11; James v. State, 72 Texas Crim. Rep., 457, 163 S. W. Rep., 63; Samples v. State, 80 Texas Crim. Rep., 418, 190 S. W. Rep., 486; Freeman v. State, 80 Texas Crim. Rep., 20, 188 S. W. Rep., 425; Tudyk v. State, 79 Texas Crim. Rep., 303, 185 S. W. Rep., 568; Powell v. State, 79 Texas Crim. Rep., 562, 187 S. W. Rep., 334.   The bill of exceptions as quoted and as found in the record does say that the appellant excepted at the time of the trial to that portion of said charge, but nowhere in the record does it appear that the exception was presented in writing, or that an objection was made in writing, or exception presented to that portion of the court's charge, or any other portion, prior to the time the charge was read to the jury.   The special charges requested by appellant and the main charge of the court were filed on November 13, but no exceptions bear file mark as disclosed by the record before November 18th, which was the same day upon which the motion for a new trial was filed.   In the case of Salter v. State, 78 Texas Crim. Rep., 325, 180 S. W. Rep., 691, this same question was presented to this court, and upon motion for rehearing in that case Judge DAVIDSON uses the following language: "If there were any exceptions taken to the court's charge before it was read to the jury, there is nothing in the record to verify it, and we are not informed, so far as the record is concerned, that there were any such exceptions.  Of course, when exceptions are taken to

the charge before being read to the jury, this must be verified in some way so as to inform this court such procedure actually occurred. Verification of matters of that sort is required." The record in this case being entirely silent with reference to any such objections or exceptions in writing having been called to the court's attention before his charge was read to the jury, we cannot further review the question, and finding no errors in the record of which this court may take cognizance, the judgment is ordered affirmed.

*Affirmed.*