CHARLES FUSTON v. THE STATE.

No. 7738.     Decided May 30, 1923.

1.—Manufacturing Intoxicating Liquor—Statement of Facts—Bills of Exception.

This court has uniformly held that if the trial judge desires to grant an extension of time to that already granted for the filing of bills of exception and statement of facts, such extending order, if made after trial term ends, must be made within the time limit fixed by the former order for filing such documents. Following Griffin v. State, 59 Texas Crim. Rep., 424, and other cases.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence was sufficient to support the conviction there was no reversible error.

Appeal from the District Court of Parker. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Stuart & Rattikin*, for appellant.

*W. A. Keeling*, Attorney General, and *C. L. Stone*, Assistant Attorney General, for the State.—Cited cases in the opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Parker County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The term of the trial court ended November 25, 1922. At the time the appellant's motion for new trial was overruled the learned trial judge entered an order granting sixty days after the adjournment of court in which to file statement of facts and bills of exception. On January 27th 1923 the court below made an order extending the time for filing statement of facts and bills of exception for thirty days. A mathematical computation shows beyond question that the sixty days granted appellant in which to file his bills of exception ended on January 24th, 1923. This court has uniformly held that if the trial judge desires to grant an extension of time to that already granted for the filing of bills of exception and statements of fact, such extending order if made after the trial term ends must be made within the time limit fixed by the former order for filing such documents. After the termination of the time fixed for such filing if after the term, the trial court is without power to grant further extension. Griffin v. State, 59 Texas Crim. Rep. 424; Sanders v. State, 60 Texas Crim. Rep. 34; Palmer v. State, 92 Texas Crim. Rep. 640, 245 S. W. Rep. 238; Harr v. State, No. 7199, opinion handed down May 23, 1923. Appellant's bills of exception were not filed until February 22, 1923. For the reason that same were filed too late they cannot be considered by us.

This leaves only the question of the sufficiency of the testimony. Officers who were suspicious went to a house in the northeast part of Parker County not far from the town of Azle and on premises which were rented by appellant's sister and brother-in-law, found a still in an old house. Barrels of mash were fermenting and quantities of liquor were in containers, and the entire apparatus for manufacturing

intoxicating liquor seemed to be there and in working order.   The officers testified that on the day before the arrest, they saw appellant and another party carry away from said house several large five gallon bottles of some kind of liquor.   They watched the house that night until quite late but saw no one come back.   On May 25, 1922, same being the next morning the officers got back to said place about sun up and went into a little thicket about forty feet from the house. Shortly afterward they saw appellant come out of the door of said house with a bucketful of something.   This was repeated three or four times, appellant pouring the contents of the bucket about fifteen or twenty feet from the house.   The officers testified that he then went back into the house and they could hear him pour something into the still.   They waited there for quite a while, the time being estimated as an hour and heard shots fired from another house a few hundred yards away where appellant's sister and brother-in-law lived.   Appellant came out of the house and started away toward the other house but the officers threw their guns down on him and arrested him.   Appellant had a pistol on his person which the officers said he made a motion as if to draw.   When asked if he was cooking this morning he replied, ''I have got a fire under it.''   The officers started back to the house with him and had taken but a few steps when he said he had a favor that he wanted to ask of them and upon their reply that they would do it if they could, he said ''I want you to file it in the Federal court.''   They replied that there was nothing doing. When they went back into the house with appellant they found a still running.   There was fire under the boiler and whisky was dropping out through the worm into a bottle.   The boiler of the still sat on a stove, four burners of which were burning.   The officers testified that the bottle was about third full and that its contents were intoxicating liquor.

We regard this testimony as amply suffcient to support the verdict of guilty.   Appellant's testimony and that of his witnesses was to the effect that the house had been rented to some other parties and that their suspicion being aroused, appellant's brother-in-law requested him to go down to the house on the morning in question and that he there found the still in operation, but that he had nothing whatever to do with it.   These were questions for the jury which they have resolved against appellant and we do not think their conclusion at all against the weight of the testimony.

Finding no error in the record, an affrmance will be ordered.

*Affirmed.*