J. W. Stevenson v. The State.

No. 12101.  Delivered October 31, 1928.

The opinion states the case.

*C. W. Tate* and *Jno. F. Weeks* of Odessa for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for theft; punishment, two years in the penitentiary.

We regret we can not consider appellant's bills of exception, but same were filed too late.  Art. 760, 1925 C. C. P., grants thirty days after the adjournment of court below within which bills of exception may be filed when appeal is taken.  In the instant case the trial term adjourned April 28, 1928.  No order was made by the trial court granting any time for filing bills of exception, in which case the time granted by statute would be looked to.  The bills of exception herein were filed July 26, 1928, long after the thirty day period had expired.  There appears in the record an order made by the court below on July 17th directing an extension of time for filing statement of facts and bills of exception.  The trial court was without power or authority to make such order.  The thirty days allowed by statute from the date of the adjournment of court expired May 28th, and the extension order not being made within the time so fixed, nor within any prior extending order, was clearly coram non judice and without effect.  Armstrong v. State, 60 Texas Crim. Rep. 59; Samples v. State, 80 Texas Crim. Rep. 418; Parker

v. .State, 83 Texas Crim. Rep. 81; Hart v. State, 86 Texas Crim. Rep. 653; Fuston v. State, 94 Texas Crim. Rep. 467.

The statement of facts appears to have been filed within ninety days from the date of the overruling of the motion for new trial and entry of notice of appeal, and will be considered by us in connection with an exception to the charge of the court and the refusal of a special charge which appears to have been correctly certified by the court at the time so as to call for our consideration. From the statement of facts it appears that appellant took the car in question and was in the act of driving it out of the town where it was taken, when he was discovered and the automobile taken from him. He seems to have made a confession which was introduced in evidence. On this trial he took the witness stand and testified that he did not intend to permanently appropriate the automobile, but that it was his intention to drive it to a neighboring town where he intended to leave it and to notify the officers that it belonged to a party in the town where it was taken. Exception was taken to the charge of the court because it did not submit to the jury the issue of a lack of intent on appellant's part to appropriate the car. A special charge was presented in which apparently this theory of the case was sought to be put before the jury. While not in exact accord with the form in which the special charge was drawn, still it was sufficiently apt, in connection with the exception to the charge, to call the attention of the court to his omission to instruct the jury affirmatively upon appellant's defensive theory. In view of the testimony above referred to, and the exception to the court's charge, and the presentation of a special charge, calling the attention of the court below sufficiently to his failure to submit such affirmative defense, we are of opinion that error was committed of prejudicial character sufficient to necessitate the reversal of this case.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*