## FRANK LEAGO v. THE STATE.

No. 12130.  Delivered January 2, 1929.
Rehearing denied February 27, 1929.

The opinion states the case.

*Conrad E. Smith* and *King, Wood & Morrow* of Houston for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

In his brief, appellant insists that there should be a reversal of the judgment because of the receipt of inadmissible testimony, namely, that of the officers who made the search of his premises.  The bills of exceptions making complaint of the rulings to which the brief refers appear to have been filed on the 24th day of July, 1928.  The motion for new trial was overruled on May 2, 1928, and the court adjourned on the 5th of that month.  Therefore it appears that the bills were filed eighty day after court adjourned.  In the record we

find that on the 25th of May, the court entered an order allowing thirty days additional to a like amount previously granted within which to file the bills of exceptions. We find no previous order of the court but the law (Art. 760, subd. 5, C. C. P., 1925) permitted, without an order of the court, thirty days after adjournment within which to file the bills of exceptions. It is apparent that the bills in the present instance were filed too late to authorize their consideration by this court. It seems that on the 24th day of July the court attempted to authorize an additional thirty days' extension of time. The order last mentioned, however, cannot avail the appellant, nor does it authorize a consideration of the bills by this court for the reason that at the time it was made the trial judge was without authority to make the extension, his power to do so having ceased immediately after the expiration of the sixty days previously granted. The reasons for this conclusion are stated at some length in the case of Nothaf v. State, 239 S. W. Rep. 215, in which a number of precedents are cited. Additional announcements to the same effect are found in Chisholm v. State, 1 S. W. (2d) 613; Stewart v. State, 2 S. W. (2d) 440; Buckley v. State, 300 S. W. Rep. 67; Hubbard v. State, 4 S. W. (2d) 971:

The evidence of the officers who searched the appellant's premises is definite and conclusive to the effect that he was engaged in the manufacture of intoxicating liquor. Their testimony is moreover supplemented by that of the son of the appellant who was called as a witness by the appellant and who testified that his father was the owner of the still which was found by the officers and described by them in their testimony and also the whisky which had been manufactured; that the witness and his father had co-operated in operating the still, the witness acting as a servant of his father.

Finding no error presented for review, an affirmance of the judgment is ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Since the passage of the present law relative to the preparation of bills of exception and statement of facts, and the time within which same must be filed, this court has uniformly held that orders extending the time for such filing, must be made within the time allowed by statute, or within the time fixed by prior court order. Sanders v. State, 60 Texas Crim. Rep. 34; Armstrong v. State, 60 Texas Crim. Rep. 59; Samples v. State, 80

Texas Crim. Rep. 418; Parker v. State, 83 Texas Crim. Rep. 81; Hart v. State, 86 Texas Crim. Rep. 653; Fuston v. State, 94 Texas Crim. Rep. 467; Mireles v. State, 98 Texas Crim. Rep. 396; Stevenson v. State, 10 S. W. Rep. (2d) 548. Judge McCord says in Armstrong v. State, supra, that an effort on the part of the trial court to enter an extension order after the expiration of one already made, is as though the court tried to extend something which had legally ended; in other words, as though the court tried to inject life into something already dead.

Being of opinion the case was correctly decided originally, the motion for rehearing will be overruled.

*Overruled.*