## C. L. IBECK v. THE STATE.

No. 12468.   Delivered April 10, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder, punishment being ten years in the penitentiary.

Only two bills of exception are found in the record, each being filed in the court below on the 29th day of December. The state's attorney insists that the bills cannot be considered. The motion for new trial was overruled on the 3d day of October and notice of appeal given. No order was entered at that time granting extension of time to file bills of exception. The term of the trial court was more then eight weeks. Under such circumstances the bills are required to be filed within thirty days after "final judgment" unless the time be extended by order of the court. Subdivision 5, Art. 760, C. C. P. This provision of the statute—without an order of court —carried the time forward thirty days from notice of appeal, and expired on November 2d. Within the first thirty day period—on

November 1st—appellant requested and was granted an additional thirty days, which expired on the 2d day of December; on December 3d, the next day after the extension expired, the court undertook to grant a further extension of thirty days. The state claims that the court was without power to grant the last extension the order therefor being made after the expiration of a prior extension. This contention must be sustained. Samples v. State, 80 Tex. Cr. R. 418, 190 S. W. 486; Leago v. State, 13 S. W. (2d) 852, in which many other cases are collated.

The evidence is conflicting. The jury has settled that issue in favor of the state. We find no necessity for detailing the facts at length. They seem sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*