CHARLIE BOWLING v. THE STATE.

No. 13113.   Delivered March 12, 1930.
Rehearing denied April 23, 1930.
Reported in 27 S. W. (2d) 182.

The opinion states the case.

*Cunningham & Lipscomb* of Bonham, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

Bills of exception bring forward complaint that the car containing whisky was searched without a warrant, and without probable cause which would authorize a search in the absence of such warrant.

Officers met appellant driving a coupe; they turned and followed him into the "Bonham Garage" which was operated by Jack Henderson; the officers reached the garage within a minute or two after appellant drove in; the motor of the coupe had not been shut off, and as the officers approached it Henderson had just gotten in the car or was getting in it under the steering wheel, appellant having moved over. The officers asked appellant what he was hauling, to which he replied that he was hauling nothing; they told him they had information that he had whisky in the car and wanted to

search it; appellant demurred unless they had a search warrant; at this point appellant either told them it was Henderson's car, or Henderson himself told them. The owner gave the officers his consent to search. Four one-half gallon jars of whisky were under the seat cushion. It developed that appellant had borrowed the car from Henderson, telling him he only wanted it for a little while; when he drove into the garage on his return he asked Henderson to drive him (appellant) home, which Henderson was preparing to do when the officers arrived. Appellant got the car from the garage and upon its return there the owner's (Henderson's) control over it was resumed and his consent to the search was all that was necessary regardless of the resulting embarrassment to appellant. This disposes of the bills of exception heretofore mentioned which are numbers one and two.

The court appears to have covered in his main charge the issues upon which appellant requested special charges, hence their refusal presents no error.

By a bill of exception appellant attempts to brings forward an objection to one paragraph of the court's charge. We see no vice in the charge, but even if it was subject to criticism the question is not properly before us. No *written* objections to the charge are found in the record, and the bill of exception does not certify that any *written* objections were offered. The necessity of compliance with the requirement of Art. 658, C. C. P. in regard to written objections has been so often emphasized it is useless to repeat it. Castelberry v. State, 88 Tex. Cr. R. 502, 228 S. W. 216, and authorities under Note 88, Art. 658, C. C. P., Vernon's Ann. Cr. Statutes of Texas.

Henderson testified that he did not put the whisky in the car and that if it was in there when appellant borrowed the car he (Henderson) knew nothing about it. Appellant testified he never put the whisky in the car while he had it borrowed and had no knowledge that any was in the car until the officers found it. The jury has settled that question under appropriate instructions, and we see no good ground to disturb the verdict.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that his special charge No. 1, which was refused, should have been given, and that for

such refusal the case should have been reversed. Said charge merely instructed the jury that unless they believed beyond a reasonable doubt that the car in question was not in appellant's care, control and management at the time it was searched, the jury should not consider evidence as to what was found in said car. We have examined the record and find no evidence whatever questioning the fact but that appellant had returned the borrowed car to its owner, and that it was in the care, control and management of the owner when the officers appeared upon the scene. We are not in accord with appellant's contention.

The motion for rehearing will be overruled.

*Overruled.*