## GORDON BLACK v. THE STATE.

No. 13177.  Delivered March 26, 1930.
Rehearing denied June 25, 1930.
Reported in 29 S. W. (2d) 755.

The opinion states the case.

*McGaugh & Darroch,* of Brownwood, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, two years in the penitentiary.

No useful purpose could be served in a lengthy recital of the testimony on the trial, which we regard as amply sufficient to prove the offense charged.

Of the points attempted to be raised, only that which questions the action of the Court in refusing to change the venue upon motion of the appellant is properly presented for review. We perceive no material difference between the question presented in this record and that discussed in the recent case of Houston Davis, No. 13178, from Brown County, opinion delivered March 19, 1930. The facts stated in the last mentioned case are not materially variant from those of the instant case and are deemed a sufficient recital of what appears also in this case. The evidence was abundantly sufficient to raise an issue as to the existence of the grounds set out in appellant's motion for change of venue and in our opinion the Court did not abuse his discretion in refusing to grant the motion. The authorities are cited in the Davis case, supra.

Notice of appeal was given and court adjourned on August 3, 1929. The only order of extension for filing bills of exception appearing in the record is dated October 5, 1929, which purports to give fifteen days from and after October 22, 1929, to file bills of exception. This refers to a former order of extension but no such instrument appears in the transcript. The order of extension was entered long after the statutory time of thirty days had expired. The order was void. Art. 760, C. C. P.; Buckley v. State, 300 S. W. 67; Chisholm v. State, 1 S. W. (2nd) 613; Frier v. State, 1 S. W. (2nd) 306; Hubbard v. State, 4 S. W. (2nd) 971.

No errors appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant has filed a supplemental transcript containing a nunc pro tunc order allowing eighty days from and after adjournment of the term of court in which to

prepare and file a statement of facts and bills of exceptions. In the case of Houston Davis v. State, No. 13,178 (opinion on motion for rehearing), it was held that the trial court was without authority to make a nunc pro tunc order of this character pending appeal.

It is observed that the appellant has not attempted to bring himself within the rule announced in George v. State, 25 Tex. Cr. App. 229, namely, that when not filed within the time allowed by law, bills of exception may be considered where it is shown to the satisfaction of this court that due diligence was used to secure their filing within the proper time and that the failure was without fault on the part of the accused or his attorney.

The motion is overruled.

*Overruled.*