CLARENCE WIGGS v. THE STATE.

No. 13962.   Delivered February 18, 1931.
Rehearing Denied March 25, 1931.

The opinion states the case.

*W. Van Sickle,* of Alpine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is misdemeanor swindling under Art. 1546, subd. 4, P. C.; punishment assessed at a fine of $25.00 and five days in jail.

The State in its brief raises the question that both the statement of facts and bills of exception were not filed within the time allowed by statute and are therefore not subject to be considered.

The motion for new trial was overruled and notice of appeal given April 15, 1930. The statement of facts and bills of exception appearing in this record show to have been filed July 30, 1930, which was 105 days after the notice of appeal had been given. This was in excess of the maximum of ninety days after notice of appeal was given. Court adjourned on the 17th day of May, 1930, and no order was entered by the trial court granting appellant any further time than the time allowed by Art. 760, subd. 5, C. C. P. Said article allows a statement of facts to be filed within ninety days from the date the notice of appeal is given and permits without an order of the court thirty days after adjournment within which to file the bills of exception. It appears from the record that on the 11th day of July, 1930, fifty-five days after adjournment of the term, the court attempted by an order to authorize that the time in which to file statement of facts and bills of exception should be extended to August 1, 1930. This court has held that orders extending the time for such filing must be made within the time allowed by statute or within the time fixed by' a prior order of the court. This order extending the time in which to file bills of exception and statement of facts not having been made within thirty days after adjournment of court, the trial court was without authority to make such extension as to the time in which bills of exception could be filed and no order can be made extending such time for more than ninety days from the date of the notice of appeal for either statement of facts or bills of exception. Leago v. State, 112 Texas Crim. Rep., 39, 13 S. W. (2d) 852; Nothaf v. State, 91 Texas Crim. Rep., 378, 239 S. W., 215; Sanders v. State, 60 Texas Crim. Rep., 34, 129 S. W., 605; Armstrong v. State, 60 Texas Crim. Rep., 59, 130 S. W., 1011. The statement of facts in this case was filed 105 days after the overruling of the motion for new trial and the entering of notice of appeal. This was too late and the same cannot

be considered. Rice v. State (Texas Crim. App.), 27 S. W. (2d) 544.

The information appears to be regular and in proper form and is followed by the charge of the court, the judgment and sentence.

No error appearing, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the first count of the indictment the appellant was charged with swindling by issuing a check on a bank in which he had not sufficient funds and no expectation that the check would be paid. The second count charged swindling by false pretenses.

The verdict reads as follows:

"We, the Jury, find the Defendant guilty as charged *by information of a bad check as in charge one,* and assess his punishment at (5) Five Days in the County Jail and fine Twenty Five Dollars ($25.00).

"M. T. McClure, Foreman."

We are of the opinion that the appellant's contention that the verdict is void is unsound. It clearly shows the finding by the jury that the appellant was guilty and his penalty definitely stated. The italicized part of the verdict manifestly refers to the count in the complaint on which the conviction is based. See Branch's Ann. Tex. C. P., Sec. 646. Both counts were submitted to the jury, and the language mentioned shows the finding of guilt to be upon the first count of the information instead of the second. It has often been said that the charge may be looked to in aid of the verdict. See Lindsay v. State, 1 Texas App., 331, and other cases collated in Branch's Ann. Tex. P. C., Sec. 646, p. 332.

The motion is overruled.

*Overruled.*