## STREETER ROY v. THE STATE.

No. 14941.   Delivered March 30, 1932.
Rehearing Denied May 4, 1932.

The opinion states the case.

*Fred Erisman,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

In his order overruling the motion for new trial the court below gave to appellant thirty days in which to file his bills of exception. The order

is of date July 20, 1931. Notice of appeal was given the same day. If there was any extending order we fail to find it. The five bills of exception in the record bear date of October 19, 1931. This would be ninety-one days after notice of appeal was given. These bills of exception cannot be considered. See article 760, C. C. P.

The only question left for consideration is the sufficiency of the testimony. Officers searched appellant's place of business and found a number of half gallon jars of whisky. Appellant attempted to pour out one half gallon jar of same. This jar of whisky was sitting behind appellant's counter in his store. The remainder of the whisky was found just back of appellant's house. Appellant seems to have had a filling station with a pump out in front, and on the inside of the building he had candy and cigarettes and a counter. If there were any other people living near by, this is not revealed. According to the officers' testimony the nearest occupied house to the place of appellant was three or four hundred yards away. Appellant denied selling any liquor, but admitted that he had bought a quart on the day of his arrest. He denied having as much as a quart of whisky in his store at the time the officers came out there. He claimed that he and another man bought a half gallon between them, but failed to produce the other party. He admitted that he had been charged under a different name with the offense of possessing intoxicating liquor. We think the above testimony sufficient to support the conclusion of guilt reached by the jury.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Attached to appellant's motion for rehearing is an application to the trial judge for an extension of time in which to file bills of exception to October 16, 1931, and an order which granted such extension. These documents were not in the transcript when the original opinion was prepared. The bills were in fact not filed until October 19, 1931. There appears in the motion for rehearing an effort to excuse appellant for the delayed filing. The sufficiency of the excuse is questionable, but it is not necessary to consider that point.

The motion for new trial was overruled and notice of appeal given on July 20, 1931. No time other than the 30 days granted by statute (article 760, C. C. P.) was allowed for filing bills of exception. The 30 days expired on August 19, 1931. No request was made or granted for extension beyond the 30 days until September 25, 1931. Such extension order *must be made within the time granted by statute, or within the time covered by a former extension order.* An attempted order of extension made after the expiration of the times mentioned is without effect. Fuston v. State, 94 Texas Crim. Rep., 467, 251 S. W., 1076;

Leago v. State, 112 Texas Crim. Rep., 39, 13 S. W. (2d) 852, in which many authorities are collated.

The motion for rehearing is overruled.

*Overruled.*