CARL HARRIS v. THE STATE.

No. 16016. Delivered May 31, 1933.
Rehearing Granted June 23, 1933.
Reported in 62 S. W. (2d) 120.

The opinion states the case.

*Harwood Beville,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for misdemeanor theft; punishment, 90 days in the county jail.

Appellant's motion for new trial was overruled on October 20, 1932. By order of the court sixty days were given for filing statement of facts and bills of exception. Computation shows this period to have expired on December 19, 1932. Thereafter the court made an order granting thirty days additional time for such filing. The period first granted having expired, the court had no power to make an extending order on December 20th. Wiggs v. State, 36 S. W. (2d) 765; Cupp v. State, 38 S. W. (2d) 1102; Buckley v. State, 108 Texas Crim. Rep., 316; Stevenson v. State, 110 Texas Crim. Rep., 383; Simpson v. State, 110 Texas Crim. Rep., 399; Leago v. State, 112 Texas Crim. Rep., 39; Ibeck v. State, 112 Texas Crim. Rep., 287. Many other authorities are to the same effect.

The bills of exception were filed January 18th. We regret that under the law same can not be considered. Article 760, C. C. P., requires that bills of exception be filed within thirty days after the expiration of the trial term, or else within the limit of some period fixed by legal order of the court. It is uniformly held that after the expiration of a time limit fixed by order of the court, the trial court has no power to grant a new extension which would take the time of filing beyond that fixed by statute.

The statement of facts, however, was filed on January 18, 1932, which was within the ninety-day period granted by said article 760, supra, from the overruling of the motion for new trial, and said statement of facts has been considered. Examination of the facts causes us to say that we are without power to decide that the jury had no right to believe appellant guilty. There are facts in the record supporting such conclusion.

Finding no error in the record calling for reversal, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The bills of exception and statement of facts were filed too late for consideration. This is demonstrated in the opinion on original hearing.

It appears from the record that the trial was had before Curtis Douglass, Special County Judge of Carson County. The record fails to show that the special judge took the oath of office as required by the Constitution and by article 555, C. C. P., 1925. In the trial of a criminal case, the necessity that the record show a compliance with the Constitution in the particular mentioned is absolute. See many cases cited in Vernon's Ann. Tex. C. C. P., vol. 1, p. 481. See, also, Mims v. State, 112 Texas Crim. Rep., 176; McLemore v. State, 107 Texas Crim. Rep., 408.

For the reasons stated, the motion for rehearing is granted, the affirmance is set aside, the judgment is reversed and the cause remanded.

*Reversed and remanded.*