## JESS PORE V. THE STATE.

No. 16086. Delivered November 1, 1933.
Reported in 64 S. W. (2d) 958.

The opinion states the case.

*M. S. Rayburn* and *C. L. King,* both of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of robbery by assault and violence alleged to have been committed on the 9th day of November, 1932, and his punishment assessed at confinement in the state penitentiary for a term of five years.

The record discloses that the court began on the 23rd day of January, A. D., 1933, and adjourned on the first day of April, 1933. The appellant in due time filed his motion for new trial and thereafter filed his amended motion for new trial, which was by the court heard and considered and on the 18th day of February, A. D., 1933, was in all things overruled, to which action of the court the defendant excepted and gave notice of appeal. Appellant was given 60 days in which to file his statement of facts and bills of exception, and on the 26th day of April, 1933, 7 days after the 60 days had expired in which to file the statement of facts and bills of exception, the court did extend the time of filing the statement of facts and bills of exception for a period of ten days. The record further dis-

closes that on May 4th, the appellant filed his bills of exception. Under the statute and under the ruling of this court the bills of exception were not filed in time and therefore cannot be considered. See Harris v. State, 62 S. W. (2d) 120; Roy v. State, 49 S. W. (2d) 458. However, since the statement of facts was filed within 90 days we can consider it for the purpose of determining the sufficiency of the testimony to sustain the conviction.

The facts proven upon the trial are substantially as follows: Sid Howard spent the night with the appellant and during the evening while the appellant was in bed but not asleep Tommie Bradley came to the room and called Sid Howard off to one side and talked to him for about ten minutes. When he started to leave he told Sid Howard he would be back about 7 or 7:30 in the morning. He came back the next morning to the room where the appellant and Sid Howard were, about 7 or 7:30, with a pint of liquor and asked the appellant and Howard to drink with him. They all took a drink. The evidence further discloses that Tommie Bradley came in an automobile and that the appellant and Sid Howard got in the car with him and after driving around some little time they drove up to the Army & Navy store of which Lewis Feferman was the proprietor. The said Bradley and Howard left the car and entered the store while the appellant remained on the outside in the automobile; that the said Bradley and Howard, while inside the store, by the use of firearms and threats robbed the said Feferman of $386.00 and a gold watch. That within 15 minutes after they, the said Bradley and Howard, had entered the store, they came out and entered the car in which the appellant was sitting and hurriedly drove away, the appellant doing the driving. A mail carrier who saw them hurriedly drive away took down the number of the car in which they were riding, and this number was turned over to the police who soon thereafter arrested Tommie Bradley. The appellant and Howard left Amarillo and went to Kansas City. It further appears from the testimony that soon after the robbery they, the said appellant, Bradley and Howard, drove to Dorothy Floyd's house in the city of Amarillo and while there the spoils of the robbery were divided between Howard and Bradley, the appellant refusing to take any part of same as he didn't want anything to do with it.

According to our view from all of the facts and circumstances adduced upon the trial, the accomplices were corroborated. It is the combined and cumulative weight of evidence furnished by a number of nonaccomplice witnesses which sup-

554

plies the test. Circumstances proven by credible witnesses may be as potent as direct testimony in tending to connect the accused with the commission of the offense. It appears to us that there was proof corroborating the testimony of the accomplice witnesses to material facts tending to connect the accused with the commission of the offense. We therefore conclude that the evidence was sufficient to justify the conviction.

It is therefore ordered that the judgment of the trial court be, and the same is, in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.