## LEE BARFIELD V. THE STATE.

No. 16914. Delivered October 10, 1934.
Reported in 75 S. W. (2d) 106.

The opinion states the case.

*C. C. Chessher,* of Groveton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of a hog, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The record discloses that on the 5th day of January, A. D. 1933, the appellant was seen in the piney woods of Polk County driving some hogs belonging to Jim Shepherd, Jr., Jim Shepherd, Sr., and a Mr. Skinner. Jim Shepherd was informed of this matter by the party who saw appellant driving the hogs. The next day, January 6th, Jim Shepherd and Mr. Skinner went to the home of Aunt Phinney Youngblood, where appellant made his home, for the purpose of making some investigation. Upon arriving at the home of Aunt Phinney Youngblood, they found the appellant, Bill Sirmon, and J. T. Youngblood engaged in killing and dressing some hogs, one of which they had almost dressed and the other two were lying dead on the ground. They noticed that the ears of the hogs had been recently cut off, but recognized two of the hogs by the flesh marks belonging to Jim Shepherd, Jr. They then left and reported what they had found to the sheriff who obtained a search warrant and proceeded to the home of Aunt Phinney Youngblood accompanied by some of his deputies and Jim Shepherd, Jr. At the home of Aunt Phinney Youngblood they found the heads of some hogs in the fire under the wash pot, some fresh meat on a table near the smoke house, and the balance of the meat they found in a truck at the home of Bill Sirmon. The appellant admitted changing the marks on the hogs and admitted killing them, but contended that Aunt Phinney Youngblood had given him all of her wild hogs on the range; that when he penned the hogs the evening before he believed that they belonged to Aunt Phinney Youngblood; that he changed the marks on them in order to distinguish them from the balance of the Youngblood hogs, but afterwards decided to kill them and peddle the meat. The appellant's defense was that he took said hogs under a claim of right and not with a fraudulent intent.

By bills of exception Nos. 1, 2, 3, 4, and 5 the appellant complains of the admission of certain evidence. The record discloses that court adjourned on the 16th of February and the court by an order allowed the appellant 45 days in which to file his bills of exception and statement of facts. On the 3rd day of April, after the expiration of said 45 days, the court attempted by an order to extend the time in which to file bills of exceptions for the full period of 90 days from and after the date of notice of appeal. At the expiration of the 45 days first allowed by the court in which to file the bills of exception, the court lost jurisdiction and any order made thereafter was of no force or effect. See article 760, C. C. P.; Weimer v. State, 32 S. W. (2d) 652; Gonzales v. State, 25 S. W. (2d) 338; Rocha v. State, 27 S. W. (2d) 823; Black v. State, 29 S. W. (2d) 755; Pore v. State, 64 S. W. (2d) 958.

By bill of exception No. 6, filed in due time, the appellant complains of the following argument of the district attorney, to-wit: "He cut the ears off of said hogs, cut the heads off, and burned said heads in a fire about the wash pot," on the ground that there was no evidence in the record to warrant or justify the same. We believe that there was testimony which fully justified the State's attorney in employing the language complained of.

By bill of exception No. 7, filed in due time, the appellant complains of the action of the trial court in permitting the district attorney to argue to the jury that appellant was driving hogs other than his own on the 5th day of January, 1933. The appellant contends that there was no testimony offered to justify such argument. We cannot agree with appellant's contention. Mr. McClain testified for the State that he saw the appellant in the piney woods of Polk County on the 5th day of January, 1933, driving some hogs which belonged to Mrs. Youngblood and some that belonged to Jim Shepherd, Jr., which he reported to Jim Shepherd, Jr. It appears to us that there was sufficient testimony which justified the argument. We therefore overrule appellant's contention.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.